EDWARD C. SHEEHY, Respondent, v. SAMUEL McMILLAN, as President, and Others, Defendants; THE BRONX GAS AND ELECTRIC COMPANY, Appellant.

*Action by a taxpayer to prevent waste — injunction to restrain an electric company from unlawfully excavating in a public park, in order to set poles — failure to allege that city officials intend to do an unlawful act.*

Where the complaint in an action, brought by a taxpayer under the statutes permitting him to sue in order to prevent a waste of or an injury to property, funds or estate of a municipality (Laws of 1881, chap. 531, as amended by Laws of 1892, chap. 301), and to prevent any illegal action by the officers thereof (Code Civ. Proc. § 1925), alleges that the principal defendant, a gas and electric company, is, without warrant or authority of law, making excavations in a public park in order to set poles for stringing wires, to the injury and waste of the property of the municipality, and that certain other defendants, as commissioners, respectively, of the city department of public parks and of its board of electrical control, have permitted or are permitting this alleged waste of city property, but does not allege that either set of officials has granted or proposes to grant the gas and electric company any permission, license or franchise to do the acts complained of, or that these officials have knowledge, either actual or constructive, of such acts, the complaint is insufficient, and an injunction granted *pendente lite* must be vacated.

The cause of action attempted to be alleged in the complaint in such a case cannot be perfected, for the purpose of sustaining an injunction order, by the aid of other papers used on a motion therefor.

*Semble,* that the terms "waste" and "injury," as used in the statutes above mentioned, do not comprehend individual acts, but only illegal, wrongful and dishonest acts of public officials.

APPEAL by the defendant, The Bronx Gas and Electric Company, from an order of the Supreme Court, made at the New York Special Term on the 30th day of December, 1897, and entered in the office of the clerk of the county of New York, continuing an injunction *pendente lite.*

*Alfred T. Cruikshank,* for the appellant.

*Joseph I. Green,* for the respondent.

McLAUGHLIN, J. :

The plaintiff, as a taxpayer, has instituted this action to restrain the commissioners of the department of public parks and the commissioners of the board of electrical control of the city of New

York from issuing a permit to the Bronx Gas and Electric Company to excavate, erect poles or string electric wires in one of the public parks of the city, and also to restrain the gas company from doing such acts. He has, during the pendency of the action, accomplished by an order what he seeks to accomplish ultimately by a judgment. From this order the defendant gas company alone has appealed. It insists that the order must be reversed, because the complaint does not state facts sufficient to constitute a cause of action against the defendants or any of them. The plaintiff, on the other hand, insists that his right to maintain the action is conferred by section 1925 of the Code of Civil Procedure, as supplemented by chapter 531 of the Laws of 1881, as amended by chapter 301 of the Laws of 1892, and that he has brought himself within the provisions of this section and the statute by the complaint served.

The section of the Code referred to provides that "An action to obtain a judgment, preventing waste of or injury to the estate, funds or other property of a county, town, city or incorporated village of the State, may be maintained against any officer thereof, or any agent, commissioner or other person acting in its behalf, either by a citizen, resident therein, or by a corporation who is assessed for and is liable to pay, or, within one year before the commencement of the action has paid, a tax therein." Chapter 531 of the Laws of 1881, as amended by chapter 301 of the Laws of 1892, so far as the same is applicable to the question under consideration, provides that "all officers, agents, commissioners and other persons acting, or who have acted, for and on behalf of any county, town, village or municipal corporation in this State, and each and every one of them, may be prosecuted, and an action or actions may be maintained against them to prevent any illegal official act on the part of any such officers, agents, commissioners or other persons, or to prevent waste or injury to, or to restore and make good any property, funds or estate of such county, town, village or municipal corporation," by any person whose assessment shall amount to $1,000, and who shall be liable to pay taxes thereon in the county, town, village or municipal corporation, to prevent the waste or injury of whose property the action is brought.

Upon examining the complaint it is found that the plaintiff alleges that he is a resident and taxpayer of the city of New York; that

his assessment amounts to more than $1,000 upon which he is liable to pay taxes, and within one year prior to the commencement of this action he has paid taxes on more than that sum; that Pelham Bay Park is located in and is the property of the city of New York; that all the defendants, except the gas company, constitute either the board of commissioners of the department of public parks or the board of electrical control of such city; that the defendant gas company, a domestic corporation, " is wrongfully and unlawfully, and without warrant or authority of law, and without warrant or authority of any person or board having such authority to give, is excavating along the roads, avenues, streets or highways of Pelham Bay Park * * * for the purpose of erecting poles to string electric wires or conductors thereon, and is and has excavated in many places, * * * and has erected poles for the said purpose * * * and that the acts and wrongful and unlawful conduct and actions of the defendant, the Bronx Gas and Electric Company, is without authority of law, and is done without authority, or lawful authority of any board or person having the right to give such authority * * * and that the actions of the said defendant tend to waste and injure the property of the said " city; that certain of the defendants, " as commissioners of the department of public parks * * * by reason of the facts hereinbefore set forth * * * have permitted the waste of, and injury to," the property of the city; that certain other defendants, " composing the board of electrical control * * * by reason of the facts herein set forth * * * are suffering and permitting the waste and injury to the property of " the city; that the plaintiff has no adequate remedy at law. The judgment demanded is that the gas company be perpetually enjoined and restrained from excavating, erecting poles or stringing electric wires in said park, and that the other defendants, as commissioners of the department of public parks and as commissioners of the board of electrical control, be restrained from granting any authority or permission to the gas company to make such excavations, erect such poles or string such wires.

It will be observed that there is no allegation in the complaint, or the statement of any fact from which it can be inferred, that the defendants, as commissioners of the department of public parks, or

as commissioners of the board of electrical control, have granted, threatened or intend to grant, any permission, license or franchise to the gas company to do the acts of which the plaintiff complains. It does not even appear that these officials have knowledge, either actual or constructive, of what the gas company has done or is now doing. Does the complaint, in the absence of such allegation, state a cause of action? I think not. To authorize an action against a public official under the section of the Code or the statute referred to, the act of which the plaintiff complains and which he seeks to restrain must be an illegal official act. (*Potter* v. *Collis*, 19 App. Div. 392.) The purpose of the statute is to prevent, not the acts of individuals, but illegal acts of public officers. The terms "waste" and "injury," as used in the statutes, do not comprehend individual acts, but only illegal, wrongful and dishonest acts of public officials. (*Talcott* v. *The City of Buffalo*, 125 N. Y. 280; *Ziegler* v. *Chapin*, 126 id. 348.)

In *Ziegler* v. *Chapin* (*supra*) the Court of Appeals said: "But the action authorized by section 1925 of the Code is one which the taxpayer may bring against the public officer because of some fraud or bad faith on his part, or to restrain some illegal action. * * * If the officer is honest and faithful no suit against him is needed. The taxpayer may explain to him the facts and discover to him the fraud, and the courts are open for his protection and the means of redress are at hand. It is only when, in the face of explanation and knowledge, he still refuses to act, and persists in carrying out the wasteful contract, that an action against him is needed, and then it rests upon his misconduct, upon his collusion and fraud, which must be alleged and proved. The Legislature could not have intended that the courts should supply intelligence and prudence to incapable officials at the demand of a taxpayer, but manifestly did intend to give the latter protection against the dishonesty or fraud of the municipal agents." Here no acts, legal or illegal, honest or fraudulent, on the part of the officials sought to be restrained are alleged, and it requires neither authorities nor argument to show that an action cannot be maintained to restrain a public official, who has neither done, threatened nor intends to do any act whatever. As well might an action be maintained to restrain or suppress a nuisance before the nuisance had been created, threatened or attempted.

If the complaint does not state a cause of action, then it necessarily follows that the plaintiff was not entitled to the order appealed from.    Before he could obtain an order of this character he was required to show by his complaint that he had a good cause of action, and was entitled to a judgment against the defendants.    (Code Civ. Proc. § 603.)    The cause of action attempted to be alleged in the complaint cannot be perfected, for the purpose of sustaining the order, by the aid of the other papers used on the motion.    The complaint must stand or fall by itself.    It must show, independent of the other papers used, a good cause of action.    (*McHenry* v. *Jewett*, 90 N. Y. 58; *Stull* v. *Westfall*, 25 Hun, 1; *Close* v. *Flesher*, 8 Misc. Rep. 299.)    This it does not do.    It follows that the order appealed from must be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Van Brunt, P. J., Barrett, Patterson and Ingraham, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.