LANE v. LAMKE.

(Supreme Court, Appellate Division, Second Department. July 17, 1900.)

1. TRESPASS—ACTION—EVIDENCE—PRIMA FACIE CASE.

In an action for damages to plaintiff's trees, evidence that a horse attached to a delivery wagon bearing defendant's name was left unattended in the street near plaintiff's trees, and destroyed one of them by girdling it, was sufficient to make a prima facie case against defendant.

2. SAME—PLANTING TREES ALONG PUBLIC STREET—ACTION.

Where plaintiff had set out several ornamental shade trees along a public street in front of his house, with the sanction of the municipal authorities, he was entitled to maintain an action for damages thereto by defendant's horse, though he did not own the fee in the land on which they were planted.

3. DISMISSAL OF ACTION—APPEAL AND ERROR—REVIEW.

Where plaintiff's complaint is dismissed at the close of his evidence, he is entitled on appeal to the benefit of the most favorable inferences which the proof will sustain; and, where no objection had been made by the municipal authorities to his planting trees along a public street in a city, it will be assumed that his act had been approved by them.

Appeal from municipal court, borough of Brooklyn, First district.

Action by William B. Lane against John H. Lamke to recover damages for injury to a shade tree by defendant's horse. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

*J. W. Prendergast, Jr.*, for appellant.
William A. Mathis, for respondent.

WILLARD BARTLETT, J. The plaintiff owns a lot on Washington avenue, in the borough of Brooklyn, which fronts on the easterly side of that street. His ownership, therefore, does not extend to the middle of Washington avenue, or include any portion of the roadbed. Blackman v. Riley, 138 N. Y. 318, 34 N. E. 214. He set out several ornamental shade trees on the sidewalk in front of his premises, inside the curb. One of these trees, a scarlet maple, was girdled and destroyed by a horse belonging to the defendant, and the plaintiff sought by this action to recover damages in the sum of $50 for the injury which he sustained by reason of the loss of this tree. At the close of plaintiff's evidence the trial justice reserved his decision on a motion to dismiss the complaint, saying that the only question in his mind was whether it had been proven that the horse which did the injury was the defendant's horse. He subsequently rendered judgment for the defendant upon the merits.

There was no occasion for any doubt as to the ownership of the animal which girdled the tree. The testimony on that subject was clear and uncontradicted. Some of it would have had to be excluded if objection had been made, but the judge called the attention of counsel to the fact that no objection had been interposed. If we leave out of consideration, however, all the evidence of this character, there was still enough to authorize the inference that the offending animal was the property of the defendant, whose driver permitted the horse to stand unattended upon the street, attached to a delivery wagon bearing the defendant's name. Seaman v. Koehler, 122 N. Y. 647, 25 N. E. 353; Cohn v. Brewing Co., 38 App. Div. 6, 56 N. Y. Supp. 293; Isenman v. Miles, 38 App. Div. 469, 56 N. Y. Supp. 420. This made out a prima facie case of negligence. Doherty v. Sweetser, 82 Hun, 556, 31 N. Y. Supp. 781. "We are cited to no case," says Van Brunt, P. J., "holding that negligence is not imputed where a horse is found loose upon the street and causes damage, unless the owner shows the circumstances under which the escape has occurred."

A more serious question arises out of the respondent's proposition that the appellant had no interest in the tree, and hence suffered no injury by reason of its destruction, having no property in the land upon which it stood. It is not denied that an adjacent owner may recover in trespass against one who without official authority destroys shade trees in a street in front of his premises, but it is insisted that this right exists only where the abutter owns the fee of that portion of the street occupied by the trees. No doubt, such has been the situation of the plaintiff in most of the cases where a recovery has been had. McCruden v. Railway Co., 5 Misc. Rep. 59, 25 N. Y. Supp. 114, affirmed on opinion below in 77 Hun, 609, 28 N. Y. Supp. 1135; Evans v. Board, 84 Hun, 206, 32 N. Y. Supp. 547; Bliss v. Ball, 99 Mass. 597; Andrews v. Youmans, 78 Wis. 56, 47 N. W. 304; Bills v. Belknap, 36 Iowa, 583. It seems to me, however, that, even where he does not own the fee of the highway in

front of his lot, the abutter who sets out ornamental shade trees in the street opposite his premises, at his own expense, and with the sanction of the municipal authorities, is entitled to have such trees protected against negligent or willful destruction at the hands of third parties, and that he has a right in the nature of an easement, for which he may recover compensation if it is taken away from him. "The setting out of trees along the side of a highway has from time immemorial been recognized as the proper use of a highway." Edsall v. Howell, 86 Hun, 424, 33 N. Y. Supp. 892. The unlawful cutting down of shade trees in a highway is deemed in equity an irreparable injury. Cross v. Mayor, etc., 18 N. J. Eq. 303, 313; Tainter v. Mayor, etc., 19 N. J. Eq. 46. This is plainly not on account of the value of the trees as timber, but because their destruction and removal may affect the lands of the abutting owner on the roadside to an extent which cannot readily be estimated in money. Very considerable injury may thus be inflicted, wholly irrespective of the question whether the title of such abutting owner extends to the land on which the trees are situated or not. In such cases, as is suggested by Judge Dillon, the ownership of the bare fee seems unimportant. "If the fee is in the public, the lawful rights of the adjoining owners are in their nature equitable easements. If the fee is in the abutter, his rights in and over the street are in their nature legal. But, in the absence of controlling legislative provision, the extent of such rights is, in either event, substantially, perhaps precisely, the same." 2 Dill. Mun. Corp. (4th Ed.) § 664a. Here we have a case in which a landowner whose property borders the highway has beautified the street in front of his premises by planting ornamental shade trees thereon. It is the policy of the state to encourage the planting of shade trees, as appears by several important provisions in the highway law. An abatement of his highway tax may be procured by any inhabitant who transplants forest shade trees by the side of the highway adjoining his premises. Laws 1890, c. 568, §§ 43, 44. Another statute declares it to be unlawful for any person in this state to hitch or leave a horse near enough "to injure any fruit or forest tree that has been transplanted or used as a shade or ornamental tree, around any school house, church or public building or along any public highway." Laws 1875, c. 215, § 1, as amended by Laws 1881, c. 344, § 1. The plaintiff, in conformity with the spirit of our legislation on this subject, planted the scarlet maple which the defendant's horse sought to devour. Where a complaint is dismissed at the close of the plaintiff's evidence, the plaintiff is entitled on appeal to the benefit of the most favorable inferences which the proof will sustain. As the tree had been there over a year, it may be assumed that his act in planting it had received the approval of the municipal authorities. There is not the slightest suggestion that the city demanded or desired the removal of the tree. The defendant was without the shadow of any right to interfere with it. Even if the fee of the street where the tree stood was in the city, and the plaintiff, by placing the scarlet maple there, parted with his ownership thereof, which he had acquired at an expense of six dollars, the defendant could not lawfully deprive him of the shade

and ornamental effect which it afforded, and which the municipality was willing he should enjoy. It had cost him something to procure the tree and set it out. This expenditure went for naught when the defendant's horse destroyed it. · The plaintiff was both out of pocket and without the tree. I think he made out a prima facie case of injury at the hands of the ·defendant, for which he is entitled to redress, and that the judgment should therefore be reversed, and a new trial ordered.

Judgment of the municipal court reversed, and new trial ordered; costs to abide the event. All concur.