### DONAHUE v. KEYSTONE GAS CO.

(Supreme Court, Appellate Division, Fourth Department. January 5, 1904.)

1. DEED—BOUNDARIES—STREETS—ABUTTING OWNERS.
    A deed to plaintiff fixed his easterly boundary at the westerly line of
    a street, and the premises were described as being in block 125, accord-
    ing to a certain map. The street, as shown on the map, was 116 feet
    wide, but, as subsequently laid out and used for over 50 years, was only
    90 feet wide, the remaining 26 feet being equally divided between each
    side. *Held*, that the reference to the map was merely to show the block
    in which the premises were located, and that plaintiff's land extended
    to the visible and actually located westerly line of the street.

2. SAME.
    The contention that plaintiff's grantor (who, at the time of his convey-
    ance to plaintiff, in which he described the lot as bound by the westerly
    line of the street, had a deed to the intervening strip) was still the owner
    of the strip was without merit.

3. SAME—ORNAMENTAL SHADE TREES—DESTRUCTION—NEGLIGENCE.
    The owner of a lot abutting on a street has a property right in orna-
    mental shade trees therein benefiting his property, by whomsoever
    planted, sufficient to permit him to maintain an action against a gas
    company that, through negligence in the maintenance of its mains in the
    street, permits gas to escape and destroy the trees, though such trees
    are not on lands to which plaintiff has title.

4. SAME—MEASURE OF DAMAGES.
    In an action to recover damages for the negligent destruction of orna-
    mental shade trees in the street in front of plaintiff's lot the measure of
    damages is the difference between the value of the property with the
    growing trees and its value with the trees removed.

Appeal from Trial Term, Cattaraugus County.

Action by Thomas Donahue against the Keystone Gas Company.
From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
HISCOCK, and STOVER, JJ.

J. H. Waring, for appellant.
Parker & Cobb, for respondent.

STOVER, J. This is an action brought to recover damages for
injury to premises of plaintiff through the destruction of ornamental
shade trees in front of his premises in the city of Olean by reason of
leakage of gas from the mains of defendant, which were laid in the

street in front of plaintiff's premises, and near the trees which were destroyed. The facts upon which the rights of the plaintiff in the street depended and the negligence of the defendant were litigated upon the trial, and, as the questions of fact were settled by the verdict, we see no reason for interference with them. The questions of law, however, are contested. The plaintiff takes his title by a description which bounds him by the westerly line of the street, and the premises are described as being in block 125, according to a map of the village made by one Gosseline. From some of the exhibits used upon the trial it would appear that Union street, as laid out upon the Gosseline map, was 116 feet wide. The Gosseline map does not appear among the exhibits, but it does sufficiently appear that the map was made a great many—and more than 50—years ago. This map seems to have been a theoretical one, and streets, when afterwards laid out, did not conform to the theoretical lines in the map, as it appears that Union street as actually laid out and used for more than 50 years was about 90 feet wide, making a difference of 26 feet; and it would appear that this space had been equally divided, 13 feet taken from the westerly side of the street and 13 feet from the easterly side, or at least that the 13 feet from the westerly side had been included in the adjacent lots. The deeds locate a starting point at the corner of block 134, but the actual location would show that line at present to be in or upon a street laid out since the Gosseline map was prepared. It is quite evident that whatever confusion has arisen from the location of the easterly line of plaintiff's premises grows out of the narrowing of the street, but, whatever there may be of the defendant's contention with reference to this, we think it must be held that the description used in the conveyances of the premises since the street was actually located and used refers to the boundary line as located; that the plaintiff obtained title to the visible and actually located westerly line of the street, and is not bound by the theoretical line upon the Gosseline map. It will be observed that the reference to the Gosseline map is not for the purpose of locating the boundary lines, but is a general description, showing that the property is in a certain block; and the references in the conveyances to the street line must, in view of the fact of user and location, as proven in this case, be construed to refer to the line as actually located.

The contention that the plaintiff's grantor, Higgins, is still the owner of the 13 feet, is also, we think, not well founded, as the deed to Higgins conveying the 13 feet bounded by the street was evidently intended to operate as a release of whatever interest Higgins' grantor had in the disputed strip. As Higgins, by his deed, bounded the plaintiff by the westerly line of the street, he conveyed the strip in question. It is not to be presumed that he intended to reserve rights in a strip in the street so as to prevent access to the premises. He would be bound by his own deed, and, having conveyed to the street, could not be heard to dispute the right of the plaintiff to treat the premises contiguous to his in front as a street, and subject to his rights and that of the public in and to the street. So it may be assumed that plaintiff was an abutting owner upon Union street in question.

The trial judge charged the jury as matter of law "that the plaintiff had a property right in those trees (although they were not planted upon lands that he had the title to) sufficient to permit him as matter of law to maintain an action against any person who might wrongfully injure or destroy the same." This brings up the proposition that the plaintiff could recover for injury to his premises by reason of the destruction of the trees, although he was not the owner in fee of the land in the street. This is the main legal proposition litigated upon the trial. The contention of the defendant is that the plaintiff, having no title to the street, but only such general rights as the public and an abutting owner would have in the street, cannot complain of injury of the character which he alleges he has sustained, in this action. We do not think this contention sound. Assuming the facts to be as the jury have found, that by reason of the destruction of the trees the value of plaintiff's premises has been lessened, it would be, we think, not in line with modern jurisprudence to say that, although his property has been injured in this way, and although the interference was an illegal one by a wrongdoer, and through an act amounting to a public nuisance, he is without remedy, and must submit to the loss. We think it more consistent with the trend of recent adjudications to hold that an abutting owner whose property is injured by a wrongdoer, and, as in this case, by negligence and carelessness resulting in a nuisance, is entitled to recover the damages sustained. The general rule of law governing nuisances might be applied in this case, namely, that anything which is calculated to interfere with the comfortable enjoyment of a man's house or premises, any wrongful act which destroys or deteriorates his property or interferes with the lawful use or enjoyment thereof, or hinders him in the enjoyment of a common or public right, and thereby causes him special injury, is a nuisance. In the case under discussion the jury have found, under a fair instruction in that particular, that the plaintiff's premises were injured, and his enjoyment thereof injured, by the unlawful act of the defendant.

The defendant's right to the street was limited to a proper use, and the escaping of gas so as to destroy vegetation in the ground above was not an incident to such use, or a result ordinarily to be expected from the enjoyment of the defendant's rights; but it would be clearly wrong, and we do not understand that any claim of justification, to the extent of permitting gas to escape, is insisted on. The general rule of law has been applied in the Elevated Railroad Cases, and in those cases it has been stated that the injury arose by interference with light, air, and access; but the cases nowhere place these as the only particulars in which enjoyment of premises may be interfered with. In cities where shade trees may be obstructions to the streets, a different rule might apply, and the authorities might lawfully remove them, perhaps, as obstructions; but this question does not arise in this case. There is no attempt on the part of the authorities to remove, nor any claim on the part of any one of a right to interfere with the trees. We think the principle discussed in Lane v. Lamke, 53 App. Div. 395, 65 N. Y. Supp. 1090, applicable to this case, namely, "that an abutter who sets out ornamental shade trees in the street

opposite his premises at his own expense, and with the sanction of the municipal authorities, is entitled to have such trees protected against negligent or willful destruction at the hands of third parties." The fact that the trees were planted by the abutter is immaterial; for, by whomever planted, the abutter has the right to the enjoyment thereof, so long as they are there with the sanction of the authorities.

Some question has been made as to the rule of damages which was adopted in this case, but we think the correct rule was stated by the trial judge, viz., the difference between the value of the property with the growing trees and its value with the trees removed. It is the value of the right of which the plaintiff has been deprived, namely, the enjoyment of the premises with the trees; and to the extent that he has been deprived he is entitled to recover. If the value of his property has been depreciated by the wrongful act of the defendant, he is entitled to recover to the extent that it has been depreciated. The rule of damages has been laid down in many adjudicated cases that, where property has been interfered with, and has depreciated in value, and without the destruction of the fee, the owner is entitled to recover the difference in the value of the premises before and after the interference. Reference has been made to the case of Halleran v. Bell Telephone Company, 64 App. Div. 41, 71 N. Y. Supp. 685, but we do not deem the doctrine of that case inconsistent with the views above expressed. The basis of that decision was the failure of evidence showing any interference with the enjoyment of the abutter's premises, and the opinion being based upon the fact that his right was not, to any extent, interfered with; the finding of fact there being "that the telephone poles do not interfere in any degree with any right which the plaintiff has as an abutting owner."

We find no error, and the judgment and order should be affirmed, with costs. All concur; HISCOCK, J., in result.