(68 Misc. Rep. 545.)

### ST. MARY OF THE ANGELS CHURCH v. BARROWS et al.

(Supreme Court, Special Term, Erie County.  August 3, 1910.)

1. MUNICIPAL CORPORATIONS (§ 394*)—IMPROVEMENTS—SHADE TREES—CONSTRUCTION OF—CITY RIGHTS PARAMOUNT TO OWNER'S RIGHTS.

The rights of the city in making authorized public improvements in the streets with proper care and skill are paramount to the interest of an abutting owner in trees planted in the streets, even though such abutter owns the fee of the street, and although the trees may be injured, and such injury might be avoided by the adoption of a different plan; the resulting damages being damnum absque injuria.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 941; Dec. Dig. § 394.*]

2. MUNICIPAL CORPORATIONS (§ 63*)—OFFICERS OF—DISCRETIONARY POWERS—CONTROL OF BY THE COURTS.

The court cannot interfere with the discretionary powers of municipal authorities, and direct them to save shade trees about to be destroyed by improvements.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 63.*]

3. WATERS AND WATER COURSES (§ 192*)—WATER MAINS, ETC.—CONTROL OF—POWER OF COMMON COUNCIL—POWER OF WATER COMMISSIONERS.

Olean City Charter, § 82, par. 10, providing that the common council shall have the power to regulate and superintend the laying of water pipes, etc., in the streets, and section 60 of the charter, providing that the water commissioners shall have the power to use the streets for running water mains, do not relate to each other, nor conflict; the former giving the council the power to regulate such use of the streets by private or quasi public parties, while the latter gives the power to lay such mains directly to the water commissioners.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 279; Dec. Dig. § 192.*]

4. WATERS AND WATER COURSES (§ 192*)—WATER COMMISSIONERS—INDEPENDENT OF COMMON COUNCIL.

Under Olean City Charter, § 60, providing that the water commissioner shall have the power to lay water mains through the streets, such commissioners could lay water mains, in spite of injury to the trees, along a certain space between a street and the sidewalk, independently of any authority from the common council, according to section 82, par. 2, of the charter, providing that the council cannot regulate such powers of the commissioners as have been "specified by this act."

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 192.*]

5. MUNICIPAL CORPORATIONS (§ 697*)—STREETS—ENCROACHMENTS—INJUNCTION.

The city has the power to enjoin encroachments on the streets under its control.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1502; Dec. Dig. § 697.*]

Suit by St. Mary of the Angels Church against David E. Barrows and others, as the Board of Water Commissioners of the City of Olean. On motion to vacate a temporary injunction.  Motion granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

P. S. Collins, for plaintiff.
M. B. Jewell, for defendants.

POUND, J.   Plaintiff seeks to restrain defendants, the board of water commissioners, from laying a water pipe in First street, in the "subway" alongside of its rectory premises in the city of Olean.   First street is paved with brick.   Between the curb and the sidewalk is a space, styled the "subway," in which plaintiff and others along the street have shade trees growing.   The water pipe in First street, which is an extension of the present system, is planned to be placed in this "subway."   Plaintiff alleges that its shade trees will be destroyed by the excavations to be made within four feet of them to lay the pipe, and that defendants should not be permitted to prosecute the work.

The law is well settled in this state that the rights of the city in making authorized public improvements in the street with proper care and skill are paramount to the interest of an abutting owner in trees planted in the street, even though such abutter owns the fee of the street. This is true, although the trees may be injured, and although such injury might be avoided by the adoption of a different plan.   The court cannot interfere with the discretionary powers of municipal authorities, and direct them to save shade trees by paving the street to a width of 20 feet rather than 30 feet, or by laying water pipes in the center of the street rather than in the subway, or by dictating that they shall injure the pavement rather than endanger the shade trees.   If detriment to the trees of the abutter results from the adoption of such a plan of improvement in the street by proper corporate action, the case is one of damnum absque injuria.   Donahue v. Keystone Gas Co., 181 N. Y. 313, 73 N. E. 1108, 70 L. R. A. 761, 106 Am. St. Rep. 549.

It was contended on the argument that defendants have no legal right to lay the water pipe, in First street or elsewhere, without the consent of the common council, which has not been obtained.   Section 82, par. 10, of the city charter, gives the council the power—

"to regulate and superintend the laying of all gas pipes and other pipes in the streets, lanes, alleys, squares or public places in said city, and for the making of any excavations therein."

Section 60 provides:

"The said commissioners [water commissioners] and all acting under their authority shall have the right to use the ground or soil under any street, highway or road within the county within which said city is situated for the purpose of introducing water into and through any and all portions of said city, on condition that they shall cause the surface of such street, highway or road to be relaid and restored to its usual state, and all damages 'done thereto to be repaired, and such right shall be continuous for the purpose of repairing and relaying water pipes upon like conditions."

These two sections do not relate to one another, nor are they in conflict; for the former clearly relates to openings made by private or quasi public users of the streets, while the latter vests the water commissioners with plenary power as a municipal board or agency to open the streets for the purpose of laying their pipes, on condition only that they restore the surface to its usual state and repair all damages.   No other conditions may be imposed upon them by the common council.

Section 82, par. 2, of the charter, provides that the common council shall have power—

"to prescribe and define such powers and duties of the officers of said city as are not inconsistent with or specified by this act, and which it shall deem to the best interests of the city to require."

But the powers of the defendants in this regard are specified by the act. Defendants are entirely independent of the common council, except where otherwise specified. The plain purpose of the Legislature was to leave the water board free from control or interference by the common council in matters like this. These provisions of the charter do not affect defendants. Rochester, etc., Co. v. City, 176 N. Y. 36, 68 N. E. 117.

This is not a controversy between the city and the water commissioners. The city has power to enjoin encroachments on the streets under its control, but it has not acted. The city attorney appeared on the argument, but made no formal application to intervene. I can therefore look upon this action only as an attempt to prevent an authorized public improvement in order to protect four shade trees from possible injury. Viewing it in that light, it would seem improper to continue this injunction.

Motion to vacate granted.