(96 Misc. Rep. 27)

KINGSLEY v. POUNDS, Borough President.

(Supreme Court, Special Term, Kings County. June, 1916.)

1. MUNICIPAL CORPORATIONS ☞663(3)—STREETS—PARKWAYS—RIGHTS OF ABUTTING OWNERS.

If persons seek to destroy trees or shrubbery in the parkway in a city street, without authority from the city, an abutting owner may have redress by enjoining threatened acts, or in damages for those executed.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1440; Dec. Dig. ☞663(3).]

2. MUNICIPAL CORPORATIONS ☞671(10)—STREETS—PARKWAYS—RIGHTS OF ABUTTING OWNERS.

Since the president of the borough has power, under Greater New York Charter (Laws 1901, c. 466) § 383, to issue permits for moving buildings, and it is his duty to do so under city ordinances, an abutting owner cannot enjoin issuance thereof.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1449; Dec. Dig. ☞671(10).]

3. INJUNCTION ☞74—OFFICIAL ACTS.

Public officials cannot be enjoined from performing their official duties, unless the acts threatened by them would be without authority, or in violation of law.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 142, 150; Dec. Dig. ☞74.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. MUNICIPAL CORPORATIONS ☞992—STREETS—PARKWAYS—RIGHTS OF ABUTTING OWNERS.

　　A taxpayer's action will not lie to enjoin action of the president of the borough, where there is no claim that the act would be illegal, or that there is fraud, corruption, or wrongdoing.

　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2157; Dec. Dig. ☞992.]

Suit for injunction by Charles F. Kingsley against Lewis H. Pounds, President of the Borough of Brooklyn. On motion for temporary injunction pending trial. Motion denied.

Henry E. Heistad, of Brooklyn, for plaintiff.

Lamar Hardy, Corp. Counsel, of New York City (Edward A. Freshman, of Brooklyn, of counsel), for defendant borough president.

George W. Titcomb, of Brooklyn, for intervening defendants.

CROPSEY, J. Pending the trial of the action, the plaintiff seeks to enjoin the borough president from issuing a permit for the removal of two frame houses now located on Avenue H in the borough of Brooklyn to any other place. The relief sought upon this motion is identical with that demanded in the complaint. Plaintiff does not claim that the borough president is without power to grant the permit, or that it would be illegal if he did so. Nor does the plaintiff allege any fraud or bad faith, or anything approaching fraud or bad faith, in connection with the borough president's duties concerning the permit in question. The complaint, like this motion, is predicated solely upon the claim that, if the permit is granted, the trees and shrubs in the parking in the center of Avenue H for the distance of a block and a half (the distance the houses would be moved along that avenue), would be destroyed. Plaintiff claims that he and other property owners in the neighborhood would be injured and their property depreciated in value.

[1-3] The action is not a taxpayer's action, but is brought by the plaintiff in his capacity as an abutting owner. If the intervening defendants or others sought to destroy the trees or shrubs in the parkings in question without the authority of the city, the plaintiff without question could have redress, either by enjoining the threatened acts or in an action for damages if they had taken place. Lane v. Lamke, 53 App. Div. 395, 65 N. Y. Supp. 1090; Donahue v. Keystone Gas Co., 181 N. Y. 313, 73 N. E. 1108, 70 L. R. A. 761, 106 Am. St. Rep. 549. And those are the authorities upon which the plaintiff relies, but they do not support his contention here made, for he now seeks to prevent a public official from granting a permit which concededly he has the power to issue (section 383 of the charter), and which it may well be his duty to issue (chapter 23, art. 13, § 144. of the Ordinances of the City; Western N. Y. & Pa. T. Co. v. Stillman, 143 App. Div. 717, 718, 128 N. Y. Supp. 363).

The very authorities relied upon by the plaintiff recognize that the city officials could do the act which a third party could be enjoined from doing, and that the plaintiff has no redress where the act is done pursuant to proper authority. In Lane v. Lemke, 53 App. Div. 395, 397, 65 N. Y. Supp. 1090, 1091, the court said:

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"It is not denied that an adjacent owner may recover in trespass against one who *without official authority* destroys shade trees in a street in front of his premises."

And in Donahue v. Keystone Gas Co., 181 N. Y. 313, 317, 73 N. E. 1108, 1109 (70 L. R. A. 761, 106 Am. St. Rep. 549), the court said:

"It is to be observed that we are not dealing with a question arising between an abutting owner and the city authorities, for in such a case the rights of the latter are paramount, so long as the road is kept open and unobstructed. * * * It is not the question which might have arisen when the defendant many years ago laid its pipes in the street, if it had then been necessary to cut the trees which are the subject of this action in order to do the work properly, and they had been cut for that purpose *with the approval of the city authorities.* * * *"

181 N. Y. 320, 73 N. E. 1110 (70 L. R. A. 761, 106 Am. St. Rep. 549):

"So long as a hitching post or a shade tree is physically and legally a part of the street, he [the abutting owner] is entitled to all the special benefits which flow therefrom to his lot, free from interference by a wrong-doer, *but subject to removal by the municipal government.* * * * As they [abutter's rights] are dependent upon the street and cannot exist without it, they are a part of it, and thus become 'an integral part of the estate' of the abutting owner, subject to interference by no one *except the representatives of the public.*"

As concededly the borough president has the power to issue the permit, and as the right to move buildings through the streets of the city is clearly recognized by the Code of Ordinances, there seems to be no basis for plaintiff's contention that the borough president should be enjoined. The rule is that public officials cannot be enjoined from performing their official duties, unless the acts threatened by them would be without authority or in violation of law. People v. N. Y. Canal Board, etc., 55 N. Y. 390, 393; Davis v. Am. Soc., etc., 75 N. Y. 362, 369; People ex rel. Negus v. Dwyer, 90 N. Y. 402, 409; Wright v. Shanahan, 149 N. Y. 495, 502, 14 N. E. 74.

[4] Even if this were a taxpayer's action, it would not lie, for not only is there no claim that the act of the borough president would be illegal, but there is no claim of any fraud or corruption or wrongdoing. Without such allegation and proof, there is no basis for a taxpayer's action. Talcott v. City of Buffalo, 125 N. Y. 280, 288, 26 N. E. 263; Rogers v. O'Brien, 153 N. Y. 357, 47 N. E. 456; Sheehy v. McMillan, 26 App. Div. 140, 143, 49 N. Y. Supp. 1088.

The plaintiff would seem to be without remedy, even if the results of moving the houses should be as unfortunate and as lasting as he claims. But it is reassuring to find in defendant's papers the affidavit of a competent landscape gardener, who states he has carefully examined the location, and that it would be necessary to remove only a few of the trees and larger shrubs, and that those so removed can be replaced without injury, if the work is done by a competent person. It is true plaintiff's papers contain the opposite contention, and it might be difficult for the court, were it necessary so to do, to decide this question, unless the court's personal experience could be considered.

The borough president sets forth fully the terms upon which the

permit will be issued. This will require the houses to be moved over the parking in question at an elevation of at least three feet, and that nothing shall be permitted to rest upon the parking, that the trees, plants, and shrubs which might be injured must first be removed, under the supervision of a competent gardener, to be named in the permit, and be replaced immediately after the passage of the houses, and that all damage done shall be immediately repaired, and the street and strip of parking restored to their original condition. To secure this, a bond in a proper amount will be required. There seems to be no real ground for apprehension of permanent impairment of the beauty of the street. The borough president has it in his power to attach any reasonable conditions to the issuance of the permit, so the integrity and beauty of the highway need not be affected, except temporarily. That such conditions will be imposed as to make this result sure seems to be established by the borough president's affidavit. While the legal question may not be affected, and while the plaintiff might be without remedy, even if such conditions were not imposed, it is gratifying to know that there will be no lasting or permanent disfigurement or lessening of beauty of the parkings in question.

Avenue H in that section is a beautiful thoroughfare, as the photographs show and as the court personally knows. It would be regrettable if its beauty were to be lastingly lessened. There seems to be no reasonable fear of such an unfortunate result. But, even if there were, the power to issue the permit exists, and the borough president could not be enjoined, for any reasons stated in the motion papers, from exercising his power.

The motion must be denied.