CHARLES A. POOLER and HELEN M. POOLER, Respondents, *v.* THE VILLAGE OF ILION, NEW YORK, Appellant.

Fourth Department, June 28, 1939.

*Albert W. Schneider,* for the appellant.

*James P. O'Donnell,* for the respondents.

PER CURIAM. Plaintiffs are owners of a house and lot on the south side of Lester avenue in the village of Ilion. There is a steep ascent from the roadway of Lester avenue to the location of the house. Part of the slope is within the street lines and part on the plaintiffs' property. Previous to 1932 there was a concrete retaining wall at the southerly edge of the roadway and between the roadway and the sidewalk. The sidewalk, which was wholly within the street limits, was about eight feet higher than the roadway. There was a flight of steps extending down and northerly from near the plaintiffs' house to the sidewalk and north of the sidewalk a wooden platform had been constructed passing over, or through a recess in the retaining wall and extending some two or three feet north of the northerly side of the retaining wall and above the roadway. From this platform and northerly, or on the roadway side of the retaining wall, a flight of steps led down to the roadway itself. In 1932 the defendant widened the roadway, removed the steps north (on the roadway side) of the retaining wall, cleaned out the ditch at the base of the retaining wall and put a gravel surface on the roadway, lowering its grade a few inches. Subsequently, the concrete retaining wall gave way and the land settled and there was injury to the plaintiffs' house. Plaintiffs seek damages and an injunction against the defendant to restrain defendant from interfering with the plaintiffs' property or the street in front of plaintiffs' premises. The plaintiffs are not entitled to damages for change of grade for, even if it is assumed that there was a change of grade, the only right to damages as a consequence thereof would be under section 159 of the Village Law, and that section requires service of notice of claim upon the board of trustees

within sixty days after the change of grade is effected and no notice was given within the required period. Damages cannot be awarded for failure on the part of the defendant to furnish lateral support to the plaintiffs' property for the reason that no obligation rests upon the defendant in that respect. (*Village of Haverstraw* v. *Eckerson,* 192 N. Y. 54; *Radcliff's Executors* v. *Mayor, etc., of Brooklyn,* 4 id. 195; *Moore* v. *City of Albany,* 98 id. 396.) The work done by the defendant in the street improvement was wholly within the street limits, involved no negligence and was clearly within the defendant's rights. The stairway removed encroached upon the roadway. There is evidence that the street commissioners did not refuse to allow plaintiffs to construct an approach from the roadway to the sidewalk not encroaching upon the roadway itself under the supervision of the street department but that seems not to have been what plaintiffs desired.

Although it seems that the plaintiffs are entitled to enjoy reasonable access from their property to the roadway in the street and have asked the village authorities to furnish such access they have offered no plan for such access which does not involve encroachment upon the roadway or if it contemplates a cutting through the wooden retaining wall will give protection to the roadway from the dangers of falling earth or offer protection to the users of the sidewalk space from the dangers which would result from the excavation which would be necessarily involved.

The judgment should be reversed on the law and facts, without costs of this appeal to either party, and the complaint dismissed without costs.

All concur. Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

Judgment reversed on the law and facts, without costs of this appeal to either party, and complaint dismissed, without costs. Certain findings of fact disapproved and reversed and new findings made.