COUNTY OF CHAUTAUQUA, Appellant, *v.* ESTHER SWANSON and Others, Respondents.

Fourth Department, June 28, 1940.

*Marion H. Fisher* [*Frank M. Tinkham* with him on the brief], for the appellant.

*Warren W. Johnson* [*Clive L. Wright* of counsel], for the respondents Esther Swanson, Irene Swanson Fuller and National Chautauqua County Bank of Jamestown, N. Y.

TAYLOR, J. This is a statutory condemnation proceeding, instituted and conducted under the provisions of sections 30–36 of article III of the Highway Law, by which the appellant — County of Chautauqua — acquired title to 2.43 acres, being a strip of land varying in width from 30 feet to 119 feet and which extends 1,291 feet along the westerly side of the Jamestown-Frewsburg highway. This strip was taken from the respondent-owners' twenty-six-acre tract situated a short distance south of the city of Jamestown. Before this strip was acquired, the highway was four rods in width and within its limits, on the westerly side thereof, stood a row of twenty-nine mature maple shade trees. A drainage

ditch was located between these trees and the highway pavement. A small concrete bridge provided an approach over this ditch to the respondent-owners' driveway. The plans for the proposed improvement of the highway, as adopted by the State Department of Public Works, Division of Highways, provided for the construction of a new pavement and required the destruction of the concrete bridge and of the row of twenty-nine trees.

The respondents did not contest the order of condemnation. Condemnation commissioners were appointed by the Supreme Court. Thereafter the attorneys for the respective parties entered into a stipulation which provided, among other things, that the commissioners were to base their award of compensation upon their own viewing of the property and upon certain papers, documents and records, and were to be informed as to the assessed valuation of the entire property, prior to acquisition of title by appellant. The assessed value of the entire twenty-six acres, with all improvements, was $1,940. The commissioners determined that the owners of the condemned property should receive:

" (1) As damages for the taking of the 2.43 acre parcel of land condemned in this proceeding, including the fair market value of the land taken, and the shade trees and other improvements located thereon, and all consequential damages and depreciation in market value to defendants' remaining land resulting from the severance of the parcel condemned, the sum of $1,559.00.

" (2) As damages for the destruction of the concrete bridge, above described, which stood within the bounds of the old highway, $441.00.

" (3) As damages for the destruction of 29 maple shade trees, above described, which were located within the bounds of the old highway, the sum of $1,000.00, making total damages and compensation of $3,000.00, which we hereby award."

The report of the commissioners was confirmed and the appellant ordered to make compensation to the respondents in accordance with the report.

The appellant challenges the right of the respondents to compensation for the destruction of either the concrete bridge or the twenty-nine maple shade trees. The appellant does not question the $1,559 award which includes the fair market value of the taken land and the consequential damage to respondents' remaining land resulting from the severance thereof. The appellant contends that the commissioners were without jurisdiction or authority to award damages for the destruction of the concrete bridge and of the twenty-nine shade trees because both the bridge and the trees were within the bounds of the existing highway and were not within the limits of the parcel described in the condemnation judgment.

The respondents contend that they have an easement or interest in and to both the bridge and the trees which were located on that part of the highway upon which their property abuts.

The record discloses that the State has constructed a new and wider pavement which occupies that portion of the highway upon which formerly stood the bridge and the row of shade trees in question. The course of the ditch has been moved to the west and is now located upon the strip of land which was acquired from the respondents. A bridge of wooden planking, laid on steel stringers, has been constructed over the ditch to connect the respondents' driveway with the new pavement. The record does not show that the new bridge is inadequate or improperly constructed. While the respondents are entitled to reasonable access from their property to this highway (*Pooler* v. *Village of Ilion*, 257 App. Div. 446), they are not entitled to specify the material or the particular type of structure which shall afford such access. The State Superintendent of Public Works is vested with authority in this respect. (Highway Law, § 2, subd. 4; §§ 10 and 12.) The respondents, therefore, sustained no legal damage by the destruction of the former bridge.

Considering next, the destruction of the twenty-nine trees, sections 150–152 and 322 of the Highway Law invest abutting owners with a limited easement or interest in and to trees upon the public highway. The adjudicated cases in this State sustain the right of an abutting owner, even though he does not own the fee to the middle of the highway, to recover damages against third persons for injury to, or destruction of, trees growing between the sidewalk and the curb. (*Donahue* v. *Keystone Gas Co.*, 90 App. Div. 386; affd., 181 N. Y. 313; *Osborne* v. *Auburn Telephone Co.*, 189 id. 393; *Lane* v. *Lamke*, 53 App. Div. 395.) These same authorities, however, approve the doctrine that trees, within the highway limits, may be removed by the proper public officials without compensating abutting landowners if the removal be necessary for highway purposes. The rule is well stated in *Matter of County of Nassau* (159 Misc. 52). The cases of *Matter of Goodrich* v. *Village of Otego* (216 N. Y. 112) and *Snyder* v. *State of New York* (251 App. Div. 871) are not authorities to the contrary. The decisions in those cases rested upon statutes authorizing compensation to an abutting owner for damages caused by a change in the grade of a street or highway. No change of grade is involved in the case at bar.

The appellant is under no legal obligation to pay damages to the respondents for either the destruction of the bridge or the removal and destruction of the twenty-nine trees by the State Department of Public Works, Division of Highways,

The orders, so far as appealed from, should be reversed on the law, without costs of this appeal to any party, and the report referred back to the commissioners with directions that the report be revised by eliminating the awards of $1,000 and of $441 for the destruction of the trees and the bridge, and that the commissioners thereafter proceed in accordance with section 34 of the Highway Law.

All concur. Present — CUNNINGHAM, TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Orders, so far as appealed from, reversed on the law, without costs of this appeal to any party, and matter remitted to the commissioners for further proceedings in accordance with the opinion.