COUNTY OF BROOME, Appellant, v. BENJAMIN R. McKUNE et al., Respondents.

Third Department, November 10, 1943.

*Charles P. O'Brien,* attorney for appellant.

*Mangan & Mangan,* attorneys (*Thomas J. Mangan* of counsel), for respondents.

CRAPSER, J. This is a statutory condemnation proceeding instituted and conducted by the county of Broome under the provisions of the Highway Law by which the appellant, the county of Broome, acquired fifteen thousand square feet of land from the defendants-respondents for the purpose of the reconstruction of a portion of State Highway Number 134 in the town of Fenton, county of Broome.

The strip was taken from the respondents' four or four and a half acre tract and was a thirty-five hundredths of an acre parcel, triangular in shape, three hundred and ninety-two feet in length along the easterly side of the existing highway and varying in width from a point to one hundred and two and forty-six hundredths feet, the distance on the other side of the triangle being four hundred and twenty-five feet. It was unimproved except for respondents' private driveway crossing it, four maple shade trees and eight apple trees. The respondents' four and one-half acres of land consisted of two parcels both of which were bounded on the west by the center of the highway running from the city of Binghamton to Chenango Bridge.

Before the strip was acquired there was an old highway fourteen feet wide and in place of which one was constructed forty feet wide. Within the limits of the old highway and upon land which the respondents owned, subject to the right of the use of the same as a public highway, there were eight maple trees running from eighteen inches to two and a half feet in diameter

and in addition thereto eight fruit trees which were Northern Spy apple trees about one foot in diameter.

The plan for the proposed improvement of the highway as adopted by the State Department of Public Works, Division of Highways, provided for the construction of a new pavement and required the destruction of the trees in connection therewith.

The respondents did not protest the order of condemnation. Condemnation Commissioners were appointed and thereafter the attorneys for the respective parties had hearings before the said Commissioners and offered their evidence as to the damage suffered by the respondents. The Commissioners determined that the respondents should receive for the real estate referred to in the petition filed and all their right, title and interest therein the sum of $4,000.

This report came on for confirmation before the County Court of the County of Broome which refused to confirm the report and ordered it set aside and further ordered a rehearing before the same Commissioners appointed and further ordered the Commissioners to itemize the damages and to set forth in their report their manner of arriving at the same.

A rehearing was had and it was stipulated between the attorneys that the Commissioners could make a supplemental report as required in the order without further testimony unless further testimony was desired by said Commissioners. No further testimony was taken and the Commissioners filed a supplemental report on March 5, 1943.

The Commissioners in their supplemental report awarded separate damages as follows:

1. Land which was the subject of the condemnation action, $1,000.

2. Maple trees on land condemned $200 and apple trees on land condemned $200.

3. Fee in land lying within old highway limits subject to easement of State for highway purposes $500.

4. Maple trees on land in old highway limits $400.

5. Consequential damages to property $1,700.

6. Repairing driveway $100.

The petitioner objected only to the award insofar as it considered the land and trees on old highway limits and this appeal is directed only to the following items:

1. Maple trees in old highway limits; fee in land on old highway limits and consequential damages to land condemned, based partly on destruction of said trees.

The appellant contends that each of the awards aforementioned which considered the trees and land lying within the old highway limits was illegal and void for lack of jurisdiction and upon the further ground that the damages to the trees complained of constituted *damnum absque injuria.*

The Commissioners explained the consequential damages as follows: "We have estimated the consequential damage to the property itself as $1,700. The premises prior to the taking * * * were beautiful from a landscape or artistic standpoint. The maple trees were large and lent dignity and value to the property aside from their personal value. It would take so many years to replace them that it is not to be considered; the fruit trees were good size and of a character and size to bear fruit and aside from their intrinsic value, would take years to duplicate, and are a serious loss to the entire property; the house with its foliage in front was even with the road, and placing it on a bias, in our judgment affects its value."

The respondents cannot recover for the fee in land lying within the old highway limits subject to the easement for highway purposes nor can they recover for the maple trees upon the lands within the old highway limits.

Sections 150, 152 and 322 of the Highway Law invest abutting owners with an easement or interest in and to trees upon a public highway. The adjudicated cases in this State sustain the right of an abutting owner, even though he does not own a fee to the middle of the highway, to recover damages against third persons for injuries to, or destruction of, trees growing between the sidewalk and the curb. (*Donahue* v. *Keystone Gas Co.,* 90 App. Div. 386, 85 N. Y. S. 478, affd. 181 N. Y. 313; *Osborne* v. *Auburn Telephone Co.,* 189 N. Y. 393; *Lane* v. *Lamke,* 53 App. Div. 395, 65 N. Y. S. 1090.) These same authorities, however, approve the doctrine that trees within the highway limits may be removed by proper public officials without compensating abutting owners if the removal be necessary for highway purposes. (*Matter of County of Nassau,* 159 Misc. 52, 288 N. Y. S. 538; *St. Mary of the Angels Church* v. *Barrows,* 68 Misc. 545, 124 N. Y. S. 571; *County of Chautauqua* v. *Swanson,* 260 App. Div. 124, 21 N. Y. S. 2d 2; *Kingsley* v. *Pounds,* 96 Misc. 27, 160 N. Y. S. 228; *Matter of Goodrich* v. *Village of Otego,* 216 N. Y. 112.)

The appellant is under no legal obligation to pay damages to the respondents for the fee of land lying within the old highway limits subject to easement of State for highway purposes or for the maple trees on the land in the old highway limits.

The order so far as appealed from should be reversed on the law, without costs of this appeal to any party and the report referred back to the Commissioners with directions that the report be revised by eliminating the award of $500 for the fee in the land lying within the old highway and $400 for the destruction of the maple trees on the land in the old highway limits, and that the Commissioners thereafter proceed in accordance with section 34 of the Highway Law.

The order appealed from should be reversed on the law, without costs of this appeal to any party and the matter remitted to the Commissioners for further proceedings in accordance with the opinion.

All concur.

Order reversed on the law and facts and matter remitted to the County Court for the appointment of a new commission. The allowance of items for land within the highway, $500, and trees within the highway, $400, should be eliminated from the new award. Such facts may be considered if the Commissioners are so advised in connection with consequential damages.