(115 App. Div. 106)

## KRANZ v. LEWIS.

(Supreme Court, Appellate Division, Second Department. Oct. 17, 1906.)

**1. FRAUD—PLEADING—REPRESENTATIONS OF AGENT.**
The allegation, in a complaint based on fraud, that the false representations were made by "the defendant or his agent," is not the equivalent of the necessary allegation that they were made by defendant.
[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Fraud, § 37.]

**2. SAME—SPECIFIC ALLEGATION OF REPRESENTATIONS.**
The complaint based on fraud should specifically state the representations made and the extent of the falsity thereof, that it may be seen, not only whether they were false, but whether they were material; and it is not enough to allege that they consisted of statements that the property "was rented for more than in fact it was rented," and that "the janitor received less for his services than in fact he did."
[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Fraud, § 37.]

**3. VENDOR AND PURCHASER—RESCISSION—IMMATERIAL REPRESENTATIONS.**
False representations of a vendor in a sale of real estate that the janitor was receiving less pay than in fact he was, and that the tenants were paying for the gas in the halls, are immaterial on the question of fraud authorizing rescission by the purchaser.
[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, § 52.]

**4. SAME.**
Representation of a vendor in making a sale that there was a mortgage on the land bearing 5 per cent. interest, when it bore 6 per cent. interest, is immaterial on the question of the purchaser's right to rescind; it being presumed that, by substitution of mortgage or otherwise, the vendor will have the interest reduced by the deed day.
[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, § 52.]

**5. FRAUD—PLEADING—SCIENTER.**
The complaint in an action based on allegations of fraud must allege that defendant knew the representations were false.
[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Fraud, § 40.]

**6. ACTION—JOINDER OF CAUSES.**
A complaint may not join a cause of action based on a rescission by the purchaser of a contract of sale of land and his refusal to take title under it because of fraudulent representations inducing him to enter into it, and a cause of action based on a demand for a deed under the contract and the vendor's breach; they not being "consistent with each other," as required by Code Civ. Proc. § 484, subd. 9.
[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Action, § 381.]

Appeal from Supreme Court, Kings County.

Action by William E. Kranz, administrator of Henry Kranz, deceased, against Sallie Lewis. From a judgment, defendant appeals. Reversed and rendered.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

J. Charles Weschler (S. S. Myers, on the brief), for appellant.
Alfred J. Gilchrist (Jacob Neu, on the brief), for respondent.

GAYNOR, J. It seems to me that the interlocutory judgment overruling the demurrer to this crude complaint should be reversed. Each of the two causes of action is demurred to on the ground that it does not state facts sufficient, and the whole complaint is demurred to on the ground that the said causes of action are improperly united.

1. The first cause of action is that "the defendant or his agent" induced the plaintiff's intestate by false representations to enter into a written contract of purchase of a house and lot of the defendant, and to pay $500 on account thereof; that such representations consisted in "defendant or his agent" stating (1) that the property "was rented for more than in fact it was rented," (2) that "the janitor received less per month for his services than in fact he did," (3) that "the gas in the halls was paid for by the tenants, when in fact it was paid for by the owner," and (4) that a certain savings bank had a mortgage of $14,000 on the property at 5 per cent., when in fact it had a mortgage of only $12,000 at 5 per cent. and there were two other mortgages of $1,000 each at 6 per cent. held by other persons; and the prayer is for judgment for the $500 paid and also for $132.50, alleged to have been expended in examining the title.

The allegation that the false representations were made by "the defendant or his agent" is not an allegation that they were made by the defendant, for they might be made by his agent without being his allegations, or even made for him. The necessary allegation was, as it always is, that the defendant made the allegations, and that could be made good by evidence that he made them either personally or through an agent.

Moreover, the facts alleged are insufficient to sustain the allegations of fraud. It is a common rule of pleading that a bare allegation of fraud is an allegation of a conclusion of law, and therefore not issuable. The facts constituting the fraud have to be specifically alleged. The alleged representation that the property was rented for more than it was rented for in fact does not give the necessary facts. The complaint should state in terms just what the representation was—the amount of rent represented as being received, and the extent of its falsity—so that it could be seen not only whether it was false but whether it was material. A difference of one cent or one dollar, or a larger sum, might be immaterial as a matter of law. The representation that the janitor received less for his services than he was in fact paid is open to the same objection of indefiniteness, and is besides obviously immaterial. It had nothing to do with the value of the land. The same is true of the representation that the tenants were paying for the gas in the halls, for if they were they might cease to do so next day. And in respect of the last allegation of false representation, i. e., about the mortgages, it is falsified by the written contract which is made part of the complaint, for the con-

tract sets out that there are mortgages, instead of a mortgage, for $14,000 on the property. The allegation of the rate of interest is immaterial, for presumably the rate on the $2,000 would be 5 per cent. on the deed day, the same as on the $12,000. That was a matter for adjustment by an agreement reducing the interest, or by the substitution of a new mortgage or mortgages, if necessary, by the deed day, as is done every day.

And, finally, there is no allegation that the defendant knew the representations were false. This is an essential allegation in every cause of action resting on allegations of fraud. Fraud cannot be alleged without alleging scienter.

2. The causes of action are improperly united. The second cause of action is brought on the contract, i. e., to recover damages for a breach thereof by the defendant by his inability to convey a good title, the damages claimed being the $500 paid on the contract and $132.50 paid for examining the title. If it may be said that they come under subdivision 9 of section 484 of the Code of Civil Procedure, which allows the union of causes of action arising out of the same transaction, and not included in any of the preceding subdivisions, the answer is they are not "consistent with each other," which is made a requisite in the final paragraph of the section. The first cause of action is not on the contract, but alleges and is based on a rescission of it and a refusal to take title under it for fraudulent representations inducing the plaintiff to enter into it, while the second alleges and is based on a demand for the deed under the contract, and the defendant's breach. One is based on fraud avoiding the contract, and the other on the contract. Their inconsistency is indisputable. Proof of either would destroy the other. The election to rescind a contract for fraud, evidenced by the bringing of an action based thereon, is irrevocable, and prevents the bringing of an action on the contract itself; and vice versa, when the plaintiff has knowledge of the fraud. Pryor v. Foster, 130 N. Y. 171, 29 N. E. 123; Genet v. D. & H. C. Co., 28 App. Div. 328, 51 N. Y. Supp. 377; Lomb v. Richard, 45 Misc. Rep. 129, 91 N. Y. Supp. 881.

The judgment should be reversed and judgment entered sustaining the demurrer on the two grounds stated above.

Interlocutory judgment reversed, with costs, and demurrer to complaint sustained, with costs, with leave to the plaintiff to plead over on payment. All concur.