Herman Steiner and Others, Copartners Doing Business under the Firm Name and Style of Zucker, Steiner & Company, Respondents, v. American Alcohol Company, Inc., Appellant.

First Department, January 18, 1918.

Statute of Frauds — oral contract to deliver merchandise of more than fifty dollars in value — effect of fraudulent representation by seller that it would perform contract without reducing same to writing — pleading — complaint — sufficiency of allegations as to fraud.

An oral contract to deliver merchandise of the value of more than fifty dollars, unenforcible under the Statute of Frauds, cannot be enforced upon the ground that the seller fraudulently represented that it was not necessary to put the contract in writing, as it would be in fact performed, the purchaser having surrendered no rights by reason of such fraudulent statement.

Complaint in an action for breach of such a contract, alleging that the fraudulent promise without intent to perform the same was made for the purpose of inducing the plaintiffs not to purchase stock elsewhere, is defective for failure to allege more fully the facts and circumstances upon which such charge of fraudulent motive is based.

The mere allegation of fraud is not enough; the facts and circumstances showing it should be alleged, with a characterization of their fraudulent purpose.

Appeal by the defendant, American Alcohol Company, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of October, 1917, overruling defendant's demurrer to the complaint as not stating a cause of action.

*J. M. Cohen* of counsel [*Max Schenkman*, attorney], for the appellant.

*Stanley Garten* of counsel [*Garten, Friesner & Shenfeld*, attorneys], for the respondents.

Smith, J.:

The action is brought for damages for a breach of an oral contract to deliver merchandise of the value of more than fifty dollars. Upon the day of the oral contract the defend-

ant assumed to confirm the same by a letter sent to the plaintiffs. The oral contract was made upon June 22, 1917. The letter from the defendant to the plaintiffs was of the same date. Upon June twenty-fifth the plaintiffs wrote to the defendant assuming to add to the contract certain conditions which were not included in the statement of the contract made in the defendant's letter to the plaintiffs. Thereafter, and on June twenty-sixth, the defendant wrote to the plaintiffs that inasmuch as the plaintiffs chose to change the terms of the contract the defendant refused to perform the contract.

If we assume, for the argument, that some damage is stated, nevertheless we are of opinion that the facts alleged are not sufficient to create any liability on the part of the defendant. The oral contract was unenforcible by the Statute of Frauds. (Pers. Prop. Law [Consol. Laws, chap. 41; Laws of 1909, chap. 45], § 85, as added by Laws of 1911, chap. 571.) The plaintiffs seek to escape the force of this objection by alleging that the defendant represented that it was not necessary to put the contract in writing because the oral contract would be in fact performed, and that this representation was fraudulent because there was no intent at that time to perform the oral contract. But no right has been surrendered by reason of this alleged fraud. The plaintiffs had no right to compel that contract to be put in writing, and while contracts are often canceled for fraud, this is the first suggestion that has come to my notice from the bench or bar that a contract can be made by fraud. It would be an easy way to completely nullify the Statute of Frauds by claiming that an oral contract made unenforcible because not in writing was made good by the fraudulent intent of the maker of the contract at the time of its making not to perform the same. A statement of the proposition would seem to be all that is necessary for its refutation.

The plaintiffs go further and say that this fraudulent promise without intent to perform the same was made for the purpose of inducing the plaintiffs not to purchase stock elsewhere, and relying upon the promise the plaintiffs were harmed by neglecting to take the opportunity to purchase these goods in the open market. It is hard to conceive what motive the defendant could have had to induce the plaintiffs

not to purchase these goods elsewhere, and for that purpose to have fraudulently made a contract which it did not intend to perform. What were the relations of the parties to induce such a fraudulent scheme? In face of the extreme improbability of the making of such a proposition fraudulently, we are of the opinion that the complaint is defective for failing to allege more fully the facts and circumstances upon which such charge of fraudulent motive is based. It is a well-settled rule of pleading in a case of fraud that the mere allegation of fraud is not enough, but the facts and circumstances showing the fraud should be alleged with a characterization of their fraudulent purpose. In this respect we deem the complaint insufficient.

The order overruling the demurrer should, therefore, be reversed, with ten dollars costs and disbursements, and the demurrer sustained, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, SCOTT and DOWLING, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and demurrer sustained.