at $31.75 per ton when the market price was about $30.05, because it was to receive about $33.25 if the transaction had been completed, it would have made, it is true, profits of $1.50 a ton.   But the sale failed.   Plaintiff is left with 15,000 tons of coal on its hands, or for which it is responsible.,   For it it has paid or must pay $31.75 per ton. Its market value is $30.05.   On each ton it will lose $1.70, or $25,500.   Yet it is said it is compensated by the judgment as reduced.   We do not think so.

It is argued, however, that on the facts before us such a situation is but theoretical.   The original seller of the coal has consented to abrogate its contract.   Even so, the rule to be adopted does not vary because of the generosity of third parties.

The judgment of the Appellate Division should be modified so as to award the plaintiff judgment in the sum of $48,750 as damages, with interest thereon from April 30, 1920, and as so modified affirmed, with costs to the plaintiff.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.

---

In the Matter of Proving the Will of PATRICK SULLIVAN, Deceased.

JULIA MARKSON et al., Appellants; THOMAS F. MAGNER et al., Respondents.

*Will — probate — testamentary capacity — insufficient proof of senile dementia.*

*Matter of Sullivan,* 216 App. Div. 266, affirmed.

(Argued September 30, 1926; decided December 3, 1926.)

APPEAL from a judgment, entered February 16, 1926, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a decree of the Kings County Surrogate's Court which denied probate of a paper propounded as the last will of Patrick Sullivan, deceased, and remitting the matter to the Surrogate's Court with a direction that the will be

admitted to probate. The will was contested on the ground that at the time of its execution testator was suffering from senile dementia and lacked testamentary capacity. The Appellate Division held that the contention was not sustained by satisfactory evidence.

*Otho S. Bowling* and *Robert H. Elder* for appellants.
*Patrick E. Callahan, Thomas F. Magner* and *James P. Judge* for respondents.

Judgment affirmed, with costs; no opinion.
Concur: CARDOZO, CRANE, ANDREWS and LEHMAN, JJ. Dissenting: HISCOCK, Ch. J., POUND and McLAUGHLIN, JJ.

---

FRANK B. BROWN et al., as Trustees under the Will of ANDREW B. BROWN, Deceased, et al., Respondents, *v.* THEODORE L. POPP et al., as Executors of EDWARD KENER, JR., Trustee under the Will of ANDREW B. BROWN, Deceased, Respondents, and DUNCAN EDWARDS, as Executor of HARRIET M. S. BROWN, Deceased, Appellant.

*Will — trust — construction of will providing for annuity to widow and giving residuary estate to brother — release of residue to brother upon setting aside sum sufficient to produce annuity.*

*Brown* v. *Kener*, 215 App. Div. 794, affirmed.
(Argued November 16, 1926; decided December 3, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 30, 1925, affirming a judgment construing the will of Andrew B. Brown, deceased, entered upon a decision of the court at a Trial Term without a jury. The will provided among other things for the payment of an annuity to the widow of testator annually during her life and gave the residue of his estate to his brother. The question was whether upon the trustees setting aside a sum sufficient to produce such annuity the balance of the estate might be turned over to the residuary legatee.