In the Matter of Proving the Last Will and Testament of GERTRUDE N. DODGE, Deceased.

Surrogate's Court, Tioga County, March 7, 1927.

**Wills — proof of execution of holographic will — decedent substantially complied with provisions of Decedent Estate Law, § 21, and in absence of fraud or undue influence will should be admitted to probate.**

On this probate proceeding it must be concluded that decedent substantially complied with all the requirements of section 21 of the Decedent Estate Law, and in the absence of fraud or undue influence, the paper offered for probate as a holographic will must be regarded as decedent's last will and testament, where it appears that she requested two persons to witness her will and after affixing her own signature to the instrument each witness signed as such in the place indicated by the decedent after one of them had examined the paper and saw that it purported to be a " will," although both witnesses testify that they did not see the decedent sign.

The law in respect to holographic wills, as to the manner and method of publication, is not so close and severe as where the will is drawn and executed under the direction of an experienced scrivener.

PROBATE proceeding.

*Fred J. Davis,* for the petitioner.

*Truman, Bassett & Wood,* for Lelia Anderson, respondent.

TURK, S.    On the 21st day of January, 1927, application was made by one Everett Nichols of the town of Owego, county of Tioga, N. Y., for the probate of the alleged last will and testament of Gertrude N. Dodge, who died in this county on the 13th day of January, 1927.    On the return of the citation, James S. Truman appeared in behalf of Lelia Anderson, a sister of the deceased, and requested an oral examination of the subscribing witnesses to the will and at that time examined such witnesses.    On February 21, 1927, following such examination, an answer was filed in behalf of Lelia Anderson alleging that the paper in writing offered for probate

Surrogate's Court, Tioga County, March, 1927.          [Vol. 129

bearing date April 29, 1920, was not the last will and testament of said deceased, and that the will was not executed, published and witnessed in compliance with the law, and the answer asks that the proceeding be dismissed, with costs.

From the testimony taken it appears that on the 29th day of April, 1920, the deceased, who resided in Owego, went to the store of one George Shays at 208 Front street in said village, and there saw Mr. and Mrs. George Shays. When she came in the store Mr. Shays was " waiting on trade " and Mrs. Shays was standing not far away and the deceased at that time asked Mr. and Mrs. Shays if they would witness her will. The deceased then went to the rear of the store where Mr. Shays had a desk and in a short time Mr. Shays went back where she was standing and the deceased said: " Sign right there." Mr. Shays then picked up the paper indicated, turned it over and saw that it said on the outside that it was a " will " and he then signed his name where the deceased had indicated. Mr. Shays said he could remember nothing further about the transaction. He cannot now say whether the decedent's name was signed to the will when he signed it or not. He did not see her sign her name. Mr. Shays now testifies that the entire will is in the handwriting of the deceased, Gertrude N. Dodge, and that her name is subscribed to said instrument in her handwriting.

Mrs. Shays testified that the deceased asked if she and her husband would witness the will; that she did not see Mrs. Dodge sign it but that the paper offered for probate lay on the desk open flat; that after Mr. Shays signed that she signed her name and that at the time she noticed that the deceased's signature was affixed to the paper. Mrs. Shays further said that " she asked us to witness her will and I supposed that it was her will." She testified that she was familiar with the signature of the deceased and that the signature " Gertrude N. Dodge " was in the handwriting of the deceased and that the entire written portion of the will offered for probate was in the handwriting of the deceased.

It appears also from the testimony of these witnesses that the deceased was more than twenty-one years of age, a citizen of the United States, of sound mind, memory and understanding, under no restraint and capable of devising real and personal property at the time of the execution of the paper. There is no question of fraud in this case, and there is no contention that the deceased was unduly influenced, or that she lacked testamentary capacity.

This is a holographic will drawn on a Williamson Law Book Company form, and after directing the payment of debts and funeral expenses provides:

"*Second.* I give and devise all of my property of every name

and nature to my nephew, Everett L. Nichols, to hold absolutely forever.

"*Third.* I direct my executor hereinafter named shall not be obliged to give bond or other undertaking which by law he might be obliged to give for any purpose whatsoever."

She then appointed Everett L. Nichols as her executor, dated the instrument the 29th day of April, 1920, and signed her name. Following this is the usual attestation clause. The body of the instrument is written in black ink, but the signature " Gertrude N. Dodge," the date in the attestation clause and the signature of both witnesses appear to have been written with either a faded black ink or an ink of a different color and it is, therefore, apparent that the testatrix signed her name in Mr. Shays' store, she and the two witnesses using the same colored ink, and it is equally apparent that the instrument was prepared, with the exception of her signature, before she came to the store.

The Decedent Estate Law (§ 21) provides that every last will and testament of real or personal property or both shall be executed and attested in the following manner: (1) It shall be subscribed by the testator at the end of the will; (2) such subscription shall be made by the testator in the presence of each of the attesting witnesses or shall be acknowledged by him to have been so made to each of the attesting witnesses; (3) the testator at the time of making such subscription shall declare the instrument so subscribed to be his last will and testament; (4) there shall be at least two attesting witnesses, each of whom shall sign his name as a witness at the end of the will at the request of the testator.

There can be no question but what subdivisions 1 and 4 above referred to have been complied with and that the testatrix declared the instrument now offered for probate to be her last will and testament in compliance with subdivision 3.

The law in respect to holographic wills, as to the manner and method of publication, is not so close and severe as where the will is drawn and executed under the direction of an experienced scrivener. A substantial compliance with the statute is sufficient. (*Matter of Beckett,* 103 N. Y. 167.)

While the statute requires certain formalities in the execution of a will, which formalities apply to holographic wills as well as to other wills, such an instrument is not to be defeated because the testator chanced to select forgetful witnesses. If the circumstances surrounding the execution of a paper show that it was executed as a last will and testament it may be admitted to probate against the testimony of the subscribing witnesses (*Matter of Cottrell,* 95 N. Y. 329) or upon the testimony of one and contrary to the testi-

mony of the other. (*Trustees of Auburn Seminary* v. *Calhoun*, 25 N. Y. 422.)

In *Matter of Ewen* (206 App. Div. 198, 201) the court said: " No Procrustean standard has been erected into which every testament's proof of due execution must fit or else be judged invalid. There is no requisite of unvarying method in the circumstances of proof which will be deemed essential to compliance with the substantial requirements of the statutory mode."

In *Matter of Wilcox* (37 N. Y. St. Repr. 462), a holographic will case, the body of the instrument and attestation clause were in light colored ink and the signature of the testator, date of the instrument and signatures of the witnesses were in dark ink. The witnesses remember very little of the transaction and could not testify positively that the will was signed by the testator. One witness testified that the instrument was not so folded as to obscure testator's signature. There was, however, an attestation clause in proper form which both testified the testator read over to them before they signed, and one witness thought he saw testator's signature; that there was something there. This will was admitted to probate. That case does not differ to any great extent from the one now before this court. In that case the witnesses testified that the attestation clause was read to them; in this case the testatrix asked the witnesses to witness her will. One witness unfolded the paper which at the time bore the signature of the testatrix, turned the paper over and discovered that it said " will " on the back, which would be on the same page as the attestation clause, and the other witness testified that she observed the testatrix's signature and both witnesses testified that they signed in the place pointed out to them by the testatrix.

*Matter of Akers* (74 App. Div. 461; affd., 173 N. Y. 620), a holographic will case, is very similar to the case now presented to this court. In that case one witness testified that the testator stated to both witnesses that the instrument was his will and asked them to sign; one witness saw the signature of the testator when he signed as a witness; the other witness stated testator requested him to sign but was unable to state whether he saw the signature of the testator. This was held to be substantial compliance with the statute.

From an examination of the will now under consideration and from the testimony of the witnesses I have reached the conclusion that the testatrix, Gertrude N. Dodge, on the 29th day of April, 1920, went to the store of George Shays in the village of Owego, N. Y., and there requested Mr. Shays and his wife, Sarah C. Shays, to witness her will; that she then and there took the paper which

is offered for probate to Mr. Shays' desk in the presence of Mr. Shays and Mrs. Shays, for the desk was in the same room, subscribed her name; that in a very few minutes thereafter the witness George Shays went to the desk, examined the paper, discovered that it purported to be a "will" and signed his name in the place indicated by the testatrix and that immediately thereafter Sarah C. Shays, who was present at all the times mentioned, signed her name immediately following Mr. Shays in the place indicated by the testatrix; and I conclude that the testatrix has substantially complied with all of the requirements of section 21 of the Decedent Estate Law.

There is no suggestion of fraud or undue influence. This instrument was evidently deliberately prepared by the deceased. The atmosphere of this instrument is such as naturally to dispose one to accept it as the last will and testament of the deceased and the testatrix having substantially complied with the statute in respect to the execution and publication of a will, which statute was enacted to prevent fraud, I do not feel that I can so apply the statute as to destroy the will and frustrate the testatrix's clear intention.

The will is entitled to probate and a decree may be prepared and entered accordingly.