In the Matter of the Estate of DUDLEY H. JOHNSON, Deceased.

Surrogate's Court, Madison County, August 15, 1927.

Wills — probate — proof under Surrogate's Court Act, § 144 — will was executed in compliance with Decedent Estate Law, § 21 — testator was of sound mind.

The evidence offered by the proponent of the will of the testator establishes that it was executed in compliance with the requirements of section 21 of the Decedent Estate Law, notwithstanding one of the subscribing witnesses could not remember whether or not all of the requirements of the statute were complied with.

While there was some evidence that the testator at the time of the execution of the will was somewhat confused, it appears from the testimony of one of the subscribing witnesses and of the man who drew the will and who conversed with the testator for some time, that the testator was of sound mind when the will was executed.

The proof is sufficient under section 144 of the Surrogate's Court Act and the will is admitted to probate.

APPLICATION for probate of will.

D. F. Wallace, for the proponent.

A. G. Waldo [George B. Russell of counsel], for the contestant.

CAMPBELL, S. This is an application for the probate of the will of the testator, which was executed on the 20th day of April, 1927, and prepared by one C. N. Tuttle, a justice of the peace, who had known testator for many years. The testator died a few days after the execution of the will. A daughter is the sole legatee, and a son, Willis G. Johnson, has filed objections to probate on the ground that the deceased did not properly publish his will at the time of execution, and on the further ground that the proponent has failed to establish that the testator was competent to make a will.

The will was prepared and executed at the home of one of the subscribing witnesses, Mrs. Gordon. The deceased requested the other witness, Mrs. Calnan, to have Mr. Tuttle come to the Gordon home, where testator was ill, for the purpose of preparing this will. Tuttle, in company with Mrs. Calnan, went to the Gordon home the day it was drawn. He conversed with Mr. Johnson, the testator, regarding the will and other matters, and immediately prepared it, and the subscribing witnesses were called into the room, where Mr. Johnson was reclining on a couch, and there signed. Mrs. Calnan testified that testator requested her and Mrs. Gordon to witness the will, and that he signed in their presence, after she helped him up from the couch on which he was lying. Mr. Tuttle,

who did not sign as a subscribing witness, swore to the same fact, and both of these witnesses testified that testator was of sound mind and competent to make his will.

The other subscribing witness, Nanita Gordon, swore that she did not remember whether testator signed the instrument in her presence, nor did she remember that Mr. Johnson said anything about the will at any time. She does swear, however, that both herself and Mrs. Calnan signed the attestation clause. She also relates some conversation with testator, a few hours previous to making the will, which tends to show that his mind was confused, and she would not swear whether or not she considered testator of sound mind.

It is the contention of the objectors that the requirements of section 21 of the Decedent Estate Law were not complied with at the time the will was executed, and that the proof, upon application for probate, is not sufficient, as required by section 144 of the Surrogate's Court Act. As was stated in *Wyman* v. *Wyman* (118 App. Div. 109, 114): " There are many cases in the books in which the validity of a will has been established notwithstanding the forgetfulness of the subscribing witnesses or their positive testimony as to the failure to observe the prescribed formalities."

This rule has long been the established law of this State, and it is unnecessary to cite other authorities. While on this subject, however, see *Matter of Cottrell* (95 N. Y. 329), which is a leading case on this point; *Matter of Carey* (24 App. Div. 531); *Matter of Brissell* (16 id. 137); *Matter of Sizer* (129 id. 7); *Matter of Eldred* (109 id. 777); *Matter of Dodge* (129 Misc. 323).

It is incumbent upon the petitioner in the first instance to make out a *prima facie* case of mental capacity and the surrogate must be satisfied of such fact, as provided by section 144 of the Surrogate's Court Act. After such *prima facie* case is established, the burden rests upon the objecting parties to prove testator's incapacity. (*Delafield* v. *Parish*, 25 N. Y. 9; *Matter of Schreiber*, 112 App. Div. 495, 496.)

The evidence given by the subscribing witnesses as to testator's mental condition is not conclusive with the court, and, even though the subscribing witnesses testified that deceased was of unsound mind, the surrogate may consider the facts and evidence in the case, and find to the contrary if warranted. (*Matter of Strong*, 179 App. Div. 539.)

In this case the sole legatee and daughter of the testator was not present, and had not seen or visited her father for several months. Charles N. Tuttle, who drew the will and conversed with him about various subjects, testified that he found him competent

and of sound mind.   I, therefore, hold that the necessary formalities required in the execution of the will were complied with, and the testator was of sound mind and understanding, free from all undue influence, and the will should be probated.