In the Matter of the Probate of the Paper Propounded as the Last Will and Testament of CLARA WINSLOW WEEKS, Deceased.

Surrogate's Court, Suffolk County, June 6, 1930.

*Greene & Walser*, for the proponent.

*Arthur A. Beaudry*, for the contestant.

PELLETREAU, S. The paper herein presented for probate as the last will of the deceased is contested principally upon the ground of improper execution. No question whatever is raised as to the competency of the decedent to have made a will.

Section 21 of the Decedent Estate Law reads as follows: "Every last will and testament of real or personal property, or both, shall be executed and attested in the following manner:

"1. It shall be subscribed by the testator at the end of the will.

"2. Such subscription shall be made by the testator in the presence of each of the attesting witnesses, * * *.

"3. The testator, at the time of making such subscription, or at the time of acknowledging the same, shall declare the instrument so subscribed, to be his last will and testament.

"4. There shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will, at the request of the testator."

The burden of proof rests upon the proponent to establish compliance with the foregoing rules as to due execution. The fact that there was no attestation clause in the will is of no particular consequence.

It appears that the testatrix came to the home of the two witnesses, bringing the paper herein presented as her will. It was a folded paper in her hand and she stated that it was her will and

she wanted the witnesses to sign same. Both witnesses are positive in their statement that the testatrix did not sign same in the presence of either of them. I am convinced from the testimony of the two witnesses that she did not exhibit her signature upon the will, and that neither of the witnesses saw such signature; that she held the paper folded so that they could not see any writing or signature even had her signature been there at that time. The fact of the testatrix stating to the witnesses that she wanted both of them to witness her will is not proof, nor is it an acknowledgment by her that she had signed same.

One of the witnesses, Dr. Neuss, is positive in his testimony of the manner in which the testatrix held the folded paper that he could only see the line upon which he signed, that he was not permitted to see anything above that line. He did not see the signature of the testatrix, nor did she state that she had signed the paper.

The testimony of Dr. Neuss is substantiated by that of the other witness, his sister. She states that, after he had signed and while the testatrix continued to hold the folded paper on the table in such a way as to exhibit no part of the writing and to exhibit to her only the blank line below the signature of Dr. Neuss, she signed her name.

Both witnesses are positive that the testatrix declared the paper which she held to be her will before they signed same. The witness Miss Neuss, however, thinks that the testatrix may have said that she had signed the paper. Such testimony, merely that the testatrix may or may not have said that she had signed the paper, is negative and not sufficient.

There is no proof that the testatrix had signed the will at the time that the witnesses affixed their signatures, and whether signed or not, said signature was not exhibited to the witnesses and was not open to their inspection. The law demands the visibility of the testatrix's signature. The requirements as to execution of the will have not been complied with. There is no proof that the signature of the testatrix was affixed to the will when the witnesses signed, or at any time before. (*Matter of Mackay*, 110 N. Y. 611; *Matter of Keeffe*, 155 App. Div. 575; affd., 209 N. Y. 535.)

The testatrix having failed to comply with the requirements of the statute as to execution, the probate of the paper herein presented as her will is denied.

In view of this conclusion, it is unnecessary to pass upon the construction of the meaning of the contents of the instrument.

Probate denied, with costs to both parties from the estate to be taxed.