In the Matter of the Estate of EMMA VONHAUS, Deceased.

Surrogate's Court, New York County, April 11, 1938.

*Otto Domasch* [*David Pontak* of counsel], for Fred Lasch, as executor, etc.

*Nathan J. Stein,* for Ferdinand Vonhaus and Henry Vonhaus, contestants.

*Oberwager & Oberwager,* for the Evangelical Lutheran Zion Church, sole legatee.

FOLEY, S.  The evidence conclusively establishes that the will was duly executed and that the testatrix was of sound mind and signed the instrument free from coercion or undue influence.  The draftsman of the instrument was an attorney of over thirty years' experience.  He supervised its execution.  His testimony is clear and convincing that the instructions as to its contents originated with the testatrix.  In the contested instrument she left all of her property to the Evangelical Lutheran Zion Church.  The estate is relatively small, aggregating $3,500.  She had been a member

of that congregation for eighteen years and had been associated with its women's auxiliary society. The testimony of the pastor of the church was convincing that neither he nor any other person exercised coercion or influence in its procurement. He has been a minister of his church for over forty-five years and its pastor for about thirty years. She had made a substantially similar will five years before. All of her property under that instrument was left to the same church. The only change made by the later will was in the designation of an executor and a person to supervise her funeral arrangements. The resignation of the sexton of the church, previously designated as executor, and the selection of the new sexton and his appointment as executor furnishes sufficient explanation of·that modification of the prior will. One additional change was made in the later instrument by a kindly direction that her friend and companion of several years should be permitted to be buried in her cemetery plot. The prior will of 1932 was drawn without any participation by the pastor of the church. Although the pastor was not a direct beneficiary in either testamentary instrument, his status as spiritual adviser might have given rise to a rule of scrutiny and a duty of explanation required by the authorities in such a situation. (*Marx* v. *McGlynn*, 88 N. Y. 357, 371; *Matter of Putnam*, 257 id. 140, 143.)

As the trier of the facts I am satisfied that such duty of explanation has been fully met and that the will represented the free and voluntary act of the testatrix. (*Matter of Brand*, 185 App. Div. 134; affd., 227 N. Y. 630; *Matter of Putnam*, *supra*.) It should be noted that although the observations of the Court of Appeals in *Marx* v. *McGlynn* (*supra*) apply generally to cases involving confidential relationship, they have been modified and limited by later decisions of that court, particularly in a restatement of the rule in such later cases that the burden of proof on the issue of undue influence is placed upon the contestant and never shifts. (*Matter of Kindberg*, 207 N. Y. 220; *Matter of Putnam*, *supra*.) Despite the vigorous comments in the opinion in *Marx* v. *McGlynn* (*supra*), the court did not disturb the decision of the surrogate that the will had been executed by the testatrix free from undue influence.

The contestants here are distant cousins, with whom Miss Vonhaus had little personal contact in her later years. There was evidence in the record submitted on behalf of the contestants, of her alleged eccentricities. These acts and conversations, however, were " trivial and inconsequential and easily explained." (*Matter of Sullivan*, 216 App. Div. 266; affd., 244 N. Y. 518.) They have been fully overcome by the testimony of other witnesses which established that the decedent possessed the degree of mental

strength required by the legal tests of soundness of mind at the time of the execution of the will. Much reliance is placed by the contestants upon the advanced age of the testatrix. She was approximately seventy-nine years of age. Old age with attendant physical infirmity and with declining mentality does not of itself constitute sufficient ground for the denial of the probate of a will. (*Children's Aid Society* v. *Loveridge,* 70 N. Y. 387; *Horn* v. *Pullman,* 72 id. 269; *Matter of Snelling,* 136 id. 515; *Matter of Wolf,* 196 App. Div. 722.)

All of the objections of the contestants are dismissed.

The propounded instrument is admitted to probate. Tax costs in accordance with the directions of the surrogate and submit decree on notice accordingly.