## BAIRD v. DASSAU.

District Court, S. D. New York.
May 6, 1940.

Donovan, Leisure, Newton & Lumbard, of New York City (George S. Leisure, Theodore S. Hope, Jr., and John A. Morhous, all of New York City, of counsel), for plaintiff.

Milbank, Tweed & Hope, of New York City (William Dean Embree, Lawrence Bennett, and Einar B. Paust, all of New York City, of counsel), for defendant.

LEIBELL, District Judge.

Defendant moves for an order dismissing the complaint "on the ground that it fails to comply with Rule 8(a), Subdivision (2), Rule 8(e) and Rule 10(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in that

"(1) there are combined and intermingled several inconsistent theories of liability within each cause of action;

"(2) there are set forth 48 paragraphs of which only 24 are numbered;

"(3) paragraphs are used which in many cases run over two pages and which include many different and separate allegations which should be stated in separately numbered paragraphs;

"(4) there are included numerous allegations of argumentative, evidentiary, redundant, immaterial and impertinent matters;

"(5) there are pleaded numerous conclusions and interpretations of law.

"Or in lieu thereof for an order, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, striking certain portions of the complaint specified in Schedule A annexed to the motion papers upon the ground that these matters are redundant, immaterial, impertinent and scandalous * * *".

From a reading of the complaint I am satisfied that the majority of defendant's objections must be sustained. Although under the Federal Rules of Civil Procedure plaintiff's relief does not depend

upon the theory of action or actions which she adopts in her complaint, Rule 54(c), Federal Rules of Civil Procedure; Atwater v. North American Coal Company, 2 Cir., April 8, 1940, 111 F.2d 125, in the interest of clarity and good pleading, she should state the grounds upon which her various causes of action depend. Not only is such a statement necessary in order to present defendant with a complaint to which he can readily prepare an answer, but also a proper definition of the issues will greatly facilitate future proceedings in the case, such as examinations before trial. I shall therefore dismiss the complaint with leave to submit an amended complaint within twenty days.

Although this Court is sufficiently busy without having to undertake the burden of supervising pleadings (see Jacobson v. General Motors Corporation, D.C., 22 F.Supp. 255, 259), this appears to be a case of first impression, and I shall indicate the particulars with respect to the present application which I have found to be objectionable.

■ The first two causes of action do not state whether plaintiff seeks relief for an alleged violation of the Securities and Exchange Act of 1934, 15 U.S.C.A. § 78a et seq., or of the constitution and rules of the New York Stock Exchange, or for fraud and deceit. The third cause of action contains allegations usual in a cause of action for breach of contract and for a cause of action for fraud and deceit. The fourth cause of action presents elements of actions for breach of statutory duty, breach of contract and of an action for negligence. The fifth cause of action although apparently limited to a cause of action for a violation of the Securities and Exchange Act of 1934 contains many allegations that are argumentative and evidentiary in nature. The sixth cause of action does not set forth a single new fact, but merely incorporates eleven paragraphs previously pleaded in the other causes of action, many of which contain the same defects hereinabove discussed.

■ Apart from plaintiff's failure to properly state the theories upon which she anticipates a recovery, the complaint is replete with matters that have no proper place in the pleading. For example, the statement in paragraph "Ninth" with respect to the organization of the New York Stock Exchange and its experience since the passage of the Securities and Exchange Act of 1934 adds nothing to the issues which the complaint should properly present to the Court. In addition, that paragraph sets forth the various technical provisions of the Act of 1934 and contains an argument with regard to the duties which the Act imposes upon the New York Stock Exchange.

Similar allegations that are argumentative and represent merely the pleader's conclusion as to the state of the law are contained in paragraphs 10, 13, 16, 17, 20 and 23.

As plaintiff will have to serve an amended complaint, the motions for a bill of particulars and to strike scandalous and impertinent matters from the complaint need not be passed upon now. If in preparing the amended complaint plaintiff adheres to the rules of pleading and presents a short and simple statement of the facts upon which her various claims depend, there should be no necessity for a renewal of the motion to strike scandalous and impertinent matters from the pleading.

Submit order on notice.