## CURACAO TRADING CO., Inc., v. WILLIAM STAKE & CO., Inc.

District Court, S. D. New York.
Dec. 20, 1941.

Gustave Simons, of New York City (Theodore E. Wolcott, of New York City, of counsel), for plaintiff.

Bigham, Englar, Jones & Houston, of New York City (John M. Aherne, of New York City, of counsel), for defendant.

GODDARD, District Judge.

This is a motion to dismiss plaintiff's complaint under Rule 12(b) (6) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for failure to state a claim upon which relief can be granted.

Nothing will be accomplished by setting forth, in detail, the allegations of the complaint, which contains sixty six paragraphs and seeks damages of $109,674.18. The complaint is a peculiar hybrid, containing suggestions of fraud and deceit as well as breach of contract, legal conclusions, and evidentiary facts.

On a motion to dismiss a complaint for insufficiency, the court may look only at the complaint as supplemented by the bill of particulars. Rule 12(e) Rules of Civil Procedure.

The defendant asserts that the complaint is bad because the precise theory upon which plaintiff bases its right to re-

covery is not clear. The theory of the pleading is not required. Baird v. Dassau, D.C., 1 F.R.D. 275; Atwater v. North American Coal Corp., 2 Cir., 111 F.2d 125, concurring opinion of Judge Clark. The Rules of Civil Procedure require only that the complaint set forth the grounds upon which the various claims for relief depend so that the issues are clear and the defendant enabled to prepare his answer. Baird v. Dassau, supra.

The question then is whether the defendant in the case at bar will be able to properly answer the allegations of the complaint. The necessary allegations to sustain the complaint as one for fraud and deceit are lacking. If that is the charge intended, plaintiff must allege the making of the representations by the defendant; that the representations were false and that defendant knew them to be false and made them with intention to deceive plaintiff; that plaintiff believed the representations to be true, and acted in reliance upon them and was deceived; and that plaintiff was damaged thereby. The complaint contains no allegation that defendant knew the representations to be false, nor that it made them with intent to deceive plaintiff. Without such allegations no claim is made out for fraud and deceit. Kranz v. Lewis, 115 App.Div. 106, 100 N.Y.S. 674; Steiner v. American Alcohol Co., Inc., 181 App.Div. 309, 168 N.Y.S. 739, affirmed 225 N.Y. 665, 122 N.E. 892. A mere allegation of fraud without the usual averments showing the fraud is not enough; the facts and circumstances constituting the fraud must be alleged. Swift v. Chester Carbon Co., Inc., 223 App.Div. 808, 228 N.Y.S. 475.

The complaint, in the case at bar, alleges that defendant made certain "representations and warranties" to the plaintiff. The continued use of these two words had added considerably to the confusion present in this complaint since their precise meaning is not clear.

The plaintiff appears to be alleging that defendant agreed to indemnify it from any loss whatever, including the failure of the insurance policy to cover the risks purported to be covered thereby. However, the complaint does not clearly set forth the issues, nor does it sufficiently state a claim upon which relief may be granted.

The complaint is dismissed with leave to amend within twenty days. Settle order on notice.