COUNTY OF BROOME, Appellant, v. BENJAMIN R. McKUNE et al., Respondents.— Appeal from an award following an earlier reversal by this court (*County of Broome* v. *McKune*, 267 App. Div. 13). The award should be affirmed on the authority of *Matter of Goodrich* v. *Vil. of Otego* (216 N. Y. 112) and *Donohue* v. *Keystone Gas Co.* (181 N. Y. 313). Order and judgment affirmed, with costs. All concur except Schenck, J., who dissents in the following memorandum: The issues here involved concern eight maple trees located within the boundaries of the former highway. The commission awarded as consequential damages to the remaining property $2,200, which included $600 for the loss of said eight maple trees "not as representing the value of the trees themselves, but as compensation for the deteriorating effect of the absence of those trees upon the remaining property". This proceeding was before this court at the November, 1943, term. This court reversed the order insofar as the commissioners had made an allowance for these maple trees, and in remitting the matter to the County Court for the appointment of a new commission held

that the amount awarded for these trees should be eliminated from any new award, although the decision there stated that such facts could be considered if the commissioners are so advised in connection with consequential damages. Trees within the highway limits may be removed by proper public officials without compensating abutting owners if the removal be necessary for highway purposes. (*County of Broome* v. *McKune,* 267 App. Div. 13, *supra.*) Order and judgment should be reversed and matter remitted to the commissioners with a direction that a proper award be made.

In the Matter of the Probate of the Will of MARTHA E. DODDS, Deceased.— Appeal by contestants from a decree of the Surrogate of Delaware County, entered in his office on the 6th day of December, 1943, admitting a paper writing to probate as the last will and testament of above named deceased. The sole question presented is as to whether the proofs justified the Surrogate in finding that the testatrix duly acknowledged to the two attesting witnesses her subscription to her will. The will was holographic. The evidence justified the Surrogate in finding that after she had signed her will which was contained on a single sheet of paper, she handed it to each of the two subscribing witnesses who read it over and saw her signature thereupon; that in connection with such acts testatrix duly published and declared the same to be her will. We think that under the circumstances peculiar to this case the Surrogate was justified in finding a substantial compliance with the requirement of the statute as regards the testatrix's acknowledgment of her subscription. (See *Baskin* v. *Baskin,* 36 N. Y. 416; *Matter of Will of Phillips,* 98 N. Y. 267; *Matter of Mackay,* 110 N. Y. 611; *Matter of Akers,* 74 App. Div. 461, affd. on opinion below 173 N. Y. 620; *In re Nussbaum's Estate,* 144 N. Y. S. 443; and *Matter of Dodge,* 129 Misc. 323, affd. 220 App. Div. 794.) The decree appealed from should be affirmed, without costs. Decree affirmed, without costs. Hill, P. J., Heffernan, Schenck and Brewster, JJ., concur; Bliss, J., dissents on the ground that neither witness saw decedent sign the paper and decedent did not acknowledge her signature to either of them and thus there was no compliance with subdivision 2 of section 21 of the Decedent Estate Law.