William F. Christiana, S.
A paper writing purporting to be the last will and testament of Rose Bresky, deceased, has been offered for probate in this court by the executor named therein, Dr. Hillard Bresky, a nephew of decedent. Separate objections to probate have been filed by Cressie B. Wolk, and by Dorothy Bonn and others, nieces of decedent. The objections filed by contestant Wolk allege improper execution, testamentary incapacity, fraud and undue influence. The objections filed by contestant Bonn and others contain similar allegations except that lack of testamentary capacity is omitted.
By demand served on April 16, 1957, contestant Wolk was required to furnish a bill of particulars of her objections. An analogous demand was served on contestant Bonn on April 18, 1957. Both demands have been completely ignored. No motion to vacate or modify had been initiated. It does not appear *625 that any stipulation extending the period to interpose a bill of particulars has been entered into nor has any request for additional time been sought. Proponent now seeks an order to preclude.
The only response to this motion has come from counsel for contestant Bonn, who, subsequent to the service of the notice of motion, filed an answering affidavit, stating in effect that his failure to comply with the demand was due to the fact that a pending examination before trial of proponent has not yet been held, and that it is impossible to supply the information sought until such examination has been completed. It is difficult to conclude that contestant Bonn is completely without some present knowledge of her claim.
A careless practice seems to be prevalent in respect to complying with a demand for a bill of particulars. Attention was sharply focussed on this problem in Hersh v. Home Ins. Co. (284 App. Div. 428, 429-430), where the court said: “We are aware that some lawyers regard a demand for a bill of particulars as an overture that can be disregarded, rather than as a legal process which may be flouted only at peril to a client’s cause. These lawyers will pay no heed to a demand for a bill of particulars until a motion to preclude has been made. Without dwelling on the aspects of rudeness involved in this procedure, such behavior casts unnecessary burdens on already overburdened courts and lawyers. However tolerant lawyers may be of each other’s lapses, busy judges cannot view them with equal equanimity.”
While no personal reflection on the able and reputable counsel involved in the case at bar is intended by this court in quoting the above language, nevertheless, the comments in the Hersh decision succinctly summarize a growing judicial distaste for laxly disdaining a request for particulars of a claim. Buies of procedure are not made to be broken. To permit a time-honored and prescribed vehicle of practice to be treated with utter indifference is neither to be recommended nor condoned. Moreover, the turmoil resulting from congested calendars could be somewhat relieved if orderly obedience to recognized methods of procedure is insisted upon. Any other standard will result in chaos.
It is beyond dispute that in probate contests, on the questions of validity and due execution, the burden of proof is on the proponent. (Matter of Mullin, 143 Misc. 256, affd. 240 App. Div. 996, affd. 265 N. Y. 491; Matter of Schillinger, 258 N. Y. 186; Matter of McDonough, 201 App. Div. 203; Matter of Kellum, 52 N. Y. 517; Matter of Weeks, 137 Misc. 52; Matter of *626 Dawley, 148 Misc 828.) This is also true on the issue of testamentary capacity. (Delafield v. Parish, 25 N. Y. 9; Matter of Stegner, 253 App. Div. 282; Matter of Johnson, 130 Misc. 514; Matter of Zaiss, 147 Misc. 616.) It is rudimentary that, even in the absence of a will contest, the proponent must demonstrate that all statutory requirements permitting probate have been fully met and satisfy the Surrogate as to the genuineness of the will and. the validity of its execution as well as all other conditions prescribed in section 144 of the Surrogate’s Court Act.
It is likewise acknowledged law that the burden of proof on the issues of fraud and undue influence is always with the contestant. The rationale in such instance seems to be based upon the fact that charges of fraud and undue influence constitute “an affirmative assault on the validity of the will”. (Matter of Kindberg, 207 N. Y. 220; Matter of Rundles, 216 App. Div. 658; Matter of Smith, 180 App. Div. 669; Matter of Tymeson, 114 Misc. 643; Matter of Vonhaus, 167 Misc. 660; Matter of Ruef, 180 App. Div. 203, affd. 223 N. Y. 582; Matter of Fallabella, 139 N. Y. S. 1003.)
There is also established authority to the effect that a party is not entitled to a bill of particulars on issues upon which he has the affirmative part of a case. (Matter of Mullin, 143 Misc. 256, 260, supra and authorities therein cited; Matter of Swim, 144 Misc. 206; Matter of Ross, 115 Misc. 41, affd. 197 App. Div. 933; Matter of Carraher, 142 Misc. 675.)
In the light of these settled rules we examine the specifics which confront us. Referring to the demand made on contestant Wolk, items one through four relate to the execution of the will and items nine through twelve to testamentary capacity. Since the burden of proof on these issues is with the proponent, there is no right to a bill of particulars. On items five through eight, however, relating to fraud and undue influence, proponent is clearly entitled to such particulars of the claims as may now be in contestant’s possession.
Referring to the demand served on the contestant Bonn, items one through four also relate to execution of the will and on these items the proponent is not entitled to a bill of particulars. Items five through eight, however, relate to the issues of fraud and undue influence and on these items proponent is likewise entitled to a bill of particulars.
It is to be observed that in both sets of objections the allegations of fraud and undue influence are mere conclusions of law and are not supported by any statements of fact. General allegations of fraud and undue influence, the latter of which has been designated as a species of fraud, have been held to *627 be insufficient in stating a cause of action. Facts and circumstances must be alleged or supplied. (Wood v. Amory, 105 N. Y. 278, 282; Kranz v. Lewis, 115 App. Div. 106; Hull v. Cohen, 141 Misc. 62; Steiner v. American Alcohol Co., 181 App. Div. 309, affd. 225 N. Y. 665; Matter of Mullin, supra.) It may be that some of the factual matters upon which the contestants will ultimately rely can only be ascertained as a result of an examination before trial. Nevertheless, such pending inquisition seems to afford no excuse for totally ignoring a demand for a bill of particulars. Assuming the examination is needed to furnish certain items specified in the demand, the better practice dictates that such lack of knowledge be stated and a further bill served after the inquest has been terminated. (Sociedade Intercambio Merc. Arg. Brasileira v. Irving Herman, Inc., 66 N. Y. S. 2d 353.)
Under the circumstances, we conclude that as to the contestant Wolk, the motion should be granted in reference to items five through eight of the demand for a bill of particulars and denied as to the remaining items contained in such demand. As to contestant Bonn, the motion is also granted as to items five through eight of the demand and denied as to the remaining items.
An order of preclusion may be submitted containing the usual provision that unless a bill of particulars in each instance is furnished within 10 days following service of a copy of such order, with notice of entry, proof of the matters contained in those items as to which the motion is granted will be excluded on the trial of the issues. No costs are allowed.
Proceed accordingly.