HAROLD CROWELL et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 35980.)

Fourth Department, February 21, 1963.

*Louis J. Lefkowitz, Attorney-General (Julius L. Sackman* and *Paxton Blair* of counsel), for appellant.

*Murphy, Rauch & Murphy (Dwight J. Huffman* of counsel), for respondents.

*Per Curiam.* The Court of Claims made an award in this case of $250 for the alleged taking of a fee in the highway on which the claimants' premises abutted and an award of $6,040 for " the deteriorating effect of the removal " of shade trees in the highway.

The Court of Claims was in error in assuming that the State had appropriated a fee. The appropriation was only of a highway easement, which is exactly what the State had before the appropriation.

The current appropriation proceeding had its genesis in the following set of facts. The State had not paved the whole of the strip of land over which it had a highway easement. It had paved only a part of it as a two-lane highway. On a part of the unpaved portion of the highway, lying between the pavement and the claimants' land, were 11 large shade trees. The State undertook to widen the shoulders of the highway and for this purpose the State found it necessary to remove the shade trees. An action for an injunction against the removal of the trees was brought by the claimants and the injunction action was discontinued upon an agreement by the parties that the State would file an appropriation map and the right of the claimants to damages for the removal of the trees would then be determined in the Court of Claims. The present proceeding is therefore primarily concerned with the question of whether the State had the right to remove the trees without compensating the claimants

for the loss of shade and the loss of the esthetic enhancement of their property by the presence of the trees.

It is settled in this State that, if there is a partial taking of abutting property, an allowance may be made, in determining the consequential damages to the remaining property, for the damage caused by the removal of shade trees in the public highway (*County of Broome* v. *McKune,* 268 App. Div. 810, affd. 293 N. Y. 809; *Potter* v. *State of New York,* 14 A D 2d 989, affd. 11 N Y 2d 893).

We do not believe that this principle should be extended to cover a case in which there has been no taking of any part of the abutting owner's property. Under sections 150 and 322 of the Highway Law, the abutting owner has an easement of shade from trees within the highway limits and he has the right to harvest the fruit of fruit-bearing trees. This interest enables the abutting owner to recover for injury to the trees caused by third persons (*Donahue* v. *Keystone Gas Co.,* 181 N. Y. 313; *Osborne* v. *Auburn Tel. Co.,* 189 N. Y. 393) or caused by the public authorities themselves, by conduct not necessarily connected with the use of the highway for highway purposes (*Stevens* v. *State of New York,* 21 Misc 2d 79, affd. 14 A D 2d 823). But the interest of the abutting owner is subject to the power of the public authorities to improve the highway to its entire width and, if the trees are necessarily removed for the purpose of carrying out a highway improvement, there can be no recovery of damages therefor. " [T]rees within the highway limits may be removed by proper public officials without compensating abutting owners if the removal be necessary for highway purposes [citing cases] " (*County of Broome* v. *McKune,* 267 App. Div. 13, 16 [first appeal]).

This view is consistent with the rule under which the courts deny damages for the impairment of easements of light, air and access due to a change of grade, in the absence of statute (*Raymond* v. *State of New York,* 4 A D 2d 62, affd. 4 N Y 2d 961; *Sauer* v. *New York,* 180 N. Y. 27, 33, affd. 206 U. S. 536).

The holding in the *McKune* and *Potter* cases allowed a parasitic recovery for consequential damage to the remaining property by reason of the removal of the trees, where there had been a partial taking of the abutting property. But it does not follow that there is an independent right of recovery for the loss of the trees in a case in which there was no taking of any part of the abutting owner's property. It is not unprecedented in the law to allow recovery for a parasitic item of damage, as an incident to a recovery upon a recognized cause of action,

even though a recovery could not be had for the item of damage in controversy, as an independent cause of action (Prosser, Torts [2d ed.], pp. 40, 572, 594; 1 Street, Foundations of Legal Liability, p. 461 *et seq.*).

Since there was no taking of any part of the claimants' property, there is no basis in this case for a recovery of consequential damages to the claimants' remaining property, to which a recovery for the loss of the trees could be attached.

The judgment in favor of the claimants should therefore be reversed and the claim should be dismissed.

WILLIAMS, P. J., BASTOW, HALPERN, McCLUSKY and HENRY, JJ., concur.

Judgment unanimously reversed on the law and facts, without costs of this appeal to any party, and claim dismissed. Certain findings of fact and conclusions of law disapproved and reversed and new findings made.